FURNIE HILL, Employee, v. GEORGE DuBOSE, Employer, and CONNECTI-
CUT INDEMNITY COMPANY, Carrier.

(Filed 8 April, 1953.)

**Master and Servant § 55i—**

> Where it is apparent from an inspection of the record on appeal from
> judgment of Superior Court affirming an award of the Industrial Commis-
> sion that the purport and meaning of a former decision by the Supreme
> Court upon a former appeal was misconstrued and therefore the law incor-
> rectly applied, the cause must be again remanded to the Industrial Com-
> mission for sufficient findings and proper conclusions and award thereon.

APPEAL by defendants from *Crisp, Special Judge,* at September Term,
1952, of LENOIR.

Proceeding under North Carolina Workmen's Compensation Act.
G.S. 97.

This proceeding was here on former appeal, reported in 234 N.C. 446,
67 S.E. 2d 371.

Then, and there, this Court, in opinion by *Devin, C. J.,* designated two
respects in which the award approved by the judgment from which appeal
was taken was erroneous, to wit: (1) That the award of compensation
was based upon a finding as to the amount the claimant had earned since
the date on which total permanent disability had ceased, rather than
upon his capacity or ability to earn, citing G.S. 97-2 (i), and decisions of
this Court; and (2) that the award of the Commission should be modified
by eliminating the requirement that the case be held open for 300 weeks.
And accordingly the case was remanded to the end "that sufficient find-
ings, and proper conclusions and award. thereon" might be made by the
Industrial Commission as the basis for judgment.

The proceeding is now before this Court on appeal from judgment of
Superior Court of Lenoir County affirming an award of compensation to
claimant based upon findings of fact and conclusions of law of the North
Carolina Industrial Commission pertaining to the matters for which the
proceeding was remanded on such former appeal as above stated,—and to
which defendants again except, and assign same as error.

*Guy Elliott for plaintiff, appellee.*

*Smith, Sapp, Moore & Smith, Stephen P. Millikin, and McNeill Smith
for defendants, appellants.*

WINBORNE, J.   An inspection of the record and case on appeal, in the
light of exceptions taken by defendants to findings of fact and conclusions
of law, and award made, leads this Court to conclude that they were made

under misconception of the purport and meaning of the decision on former appeal in respect to matters for which the proceeding was remanded.

The finding of fact in respect to the earning capacity of claimant fails to accord with the provisions of the statute as interpreted and applied in the decisions cited.

And, too, the ruling on former appeal that "the award of the Commission should be modified by eliminating the requirement that the case be held open for 300 weeks" became the law of the case,—and should be observed.

Hence the findings, conclusions and award in relation to matters for which proceeding was remanded on former appeal, are erroneous. Therefore, again the proceeding will be remanded in accordance with opinion of this Court on former appeal to the end "that sufficient findings, and proper conclusions and award thereon may be made by the Industrial Commission as the basis for judgment."

Error and remanded.