FRED W. MABE, Employee, Plaintiff v. THE NORTH CAROLINA GRANITE CORPORATION, Employer, SELF-INSURER, Defendant

No. 7217IC444

(Filed 12 July 1972)

1. **Master and Servant § 94— workmen's compensation — findings not excepted to**

   Findings of fact by the Industrial Commission which are not the subject of any exception are binding on appeal.

2. **Master and Servant § 68— workmen's compensation — silicosis — age and education — total disability**

   Findings by the Industrial Commission that plaintiff, age 61, has a fifth grade education and his occupational abilities extend only to jobs requiring hard labor, and that he is unable to perform hard labor due to shortness of breath resulting from silicosis, *held* sufficient to support the Commission's conclusion that plaintiff is totally incapacitated because of silicosis to earn, in the same or any other employment, the wages he was earning at the time of his last injurious exposure, notwithstanding the advisory medical committee rated plaintiff as 40% disabled.

3. **Master and Servant § 68— workmen's compensation — disability from silicosis**

   In determining an employee's disability from silicosis, the question is what effect has the disease had upon the earning capacity of that particular employee, not what effect a like physical impairment would have upon an employee of average age and intelligence.

4. **Master and Servant § 68— workmen's compensation — industrial disease — age and education**

   If an industrial disease renders an employee actually incapacitated to earn any wages, the employer may not ask that a portion of the disability be charged to the employee's advanced age and poor education on the ground that if it were not for such factors he might still retain some earning capacity.

APPEAL by defendant from order of Industrial Commission, filed 15 February 1972.

Plaintiff worked as a stone cutter for defendant for a period of 30 to 35 years. He quit his job in 1968 and subsequently filed claim against defendant for disability caused by silicosis. Defendant voluntarily paid compensation as provided by G.S. 97-61.5 for a period of 104 weeks. In October of 1971 the matter came on for hearing before Deputy Commissioner Roney for purposes of determining, as required by G.S. 97-61.6, "what

compensation, if any, the employee is entitled to receive in addition to the 104 weeks already received."

The only evidence offered at the hearing was testimony of plaintiff and a report from the advisory medical committee. The report, filed 3 August 1971, indicates that pursuant to G.S. 97-61.4, plaintiff was examined by the committee for the third and final time and in the opinion of the committee "he is 40% disabled from employment in his previous or any other occupation."

Plaintiff's testimony tends to show that he has not held regular employment since 1968 because, due to a shortness of breath and a lack of strength, he can no longer perform hard labor. Plaintiff has only a fifth grade education. He can read a little but "can't write much." He stated: "I have no education and don't know nothing but hard labor and I can't get a job like that."

Commissioner Roney entered an order finding facts and concluding that plaintiff is totally incapacitated for work because of silicosis. Based upon this conclusion, plaintiff was awarded total disability benefits as provided by G.S. 97-61.6. The Full Commission affirmed Mr. Roney's order and defendant appealed.

*Hiatt and Hiatt by David L. Hiatt for plaintiff appellee.*

*Gardner and Gardner by John C. W. Gardner for defendant appellant.*

GRAHAM, Judge.

Defendant does not dispute the fact plaintiff suffers some disability from silicosis contracted while exposed to silica during his employment by defendant. It says, however, that plaintiff is only partially incapacitated by his condition, and that the Commission erred in finding his disability to be total.

The term "disablement" as applied to cases of asbestosis and silicosis, "means the event of becoming actually incapacitated because of asbestosis or silicosis to earn, in the same or any other employment, the wages which the employee was receiving at the time of his last injurious exposure. . . . " G.S. 97-54.

Mabe v. Granite Corp.

[1]  In paragraphs 4 and 5 of the order, the Commission found that plaintiff, age 61, has a fifth grade education and his occupational abilities extend only to jobs requiring hard labor; and that, "he is unable to perform hard labor due to shortness of breath resulting from silicosis." These findings of fact are not the subject of any exception and are therefore binding upon appeal. *Pratt v. Upholstery Co.*, 252 N.C. 716, 115 S.E. 2d 27; *Jacobs v. Manufacturing Co.*, 229 N.C. 660, 50 S.E. 2d 738; G.S. 97-86. Moreover, we find these findings supported by competent evidence. "If the findings of fact of the Industrial Commission are supported by competent evidence and are determinative of all the questions at issue in the proceeding, the court must accept such findings as final truth, and merely determine whether or not they justify the legal conclusions and decision of the commission." *Thomason v. Cab Co.*, 235 N.C. 602, 605, 70 S.E. 2d 706, 708.

Defendant excepts to paragraph 7 of the order wherein it is stated, "[c]laimant's incapacity for work resulting from silicosis is total. . . . " It also excepts to the following conclusion: "Due to claimant's having been diagnosed as having Silicosis, Grade I, the Advisory Medical Committee rated claimant 40 percent disabled. However, this 40 percent rating coupled with claimant's education and experience which limit him to hard labor employment, which he cannot perform due to shortness of breath, renders claimant totally incapacitated ' . . . because of . . . silicosis to earn, in the same or any other employment, the wages which the employee was receiving at the time of his last injurious exposure. . . . ' "

[2]  The Commission's findings of fact are sufficient to establish that plaintiff is fully incapacitated because of silicosis to earn wages through work at hard labor, which is the only work he is qualified to do by reason of his age and education. In our opinion, these findings, which are not challenged by exception, justify the Commission's conclusion that the plaintiff is totally incapacitated because of silicosis to earn, in the same or any other employment, the wages he was earning at the time of his last injurious exposure.

[3]  "Under the Workmen's Compensation Act *disability* refers not to physical infirmity but to a diminished capacity to earn money." *Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857. The question is what effect has the disease had upon the earn-

ing capacity of this particular plaintiff; not what effect a like physical impairment would have upon an employee of average age and intelligence. The effect on this particular plaintiff is that he has been rendered totally incapacitated to earn any wages. To say that this might not be the case were plaintiff younger or better educated does not alter in the slightest the incapacity to earn which he actually suffers because of silicosis.

[4] Defendant contends that elements of age and poor education are factors which are beyond the control of an employer and cannot be considered in determining an employee's disability. The answer to this is that an employer accepts an employee as he is. If a compensable injury precipitates a latent physical condition, such as heart disease, cancer, back weakness and the like, the entire disability is compensable and no attempt is made to weigh the relative contribution of the accident and the pre-existing condition. 2 Larson, Workmen's Compensation Law, § 59.20, p. 88.109. By the same token, if an industrial disease renders an employee actually incapacitated to earn any wages, the employer may not ask that a portion of the disability be charged to the employee's advanced age and poor learning on the grounds that if it were not for these factors he might still retain some earning capacity.

Our decision here is not in conflict with the recent case of *Dudley v. Motor Inn*, 13 N.C. App. 474, 186 S.E. 2d 188. In that case plaintiff contended she was entitled to compensation for total incapacity under G.S. 97-29 since the evidence indicated that a partial loss of use in her left hand rendered her unable to work as a cook, which was the only work she was experienced to do. This Court held to the contrary, saying plaintiff's compensation was controlled by the schedule set forth in G.S. 97-31(12) and (19) and by the express provision of G.S. 97-31 to the effect compensation in accordance with the schedule "shall be in lieu of all other compensation." In the instant case the provisions of G.S. 97-54 and 97-61.6 are controlling and the Commission correctly applied the provisions of these sections.

Affirmed.

Judges MORRIS and VAUGHN concur.