JAMES W. MILLS, Employee, Plaintiff v. J. P. STEVENS & COMPANY, INC., Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. 8010IC1149

(Filed 4 August 1981)

**1. Master and Servant § 68— workers' compensation — no occupational disease**

The Industrial Commission did not err in concluding that plaintiff had not contracted an occupational disease while employed in defendant's textile mill where the evidence tended to show that plaintiff suffered from chronic bronchitis and had evidence of mild obstructive lung disease, aggravated by exposure to cotton dust, but such infirmities would not interfere with any work except the most strenuous kind, and plaintiff therefore did not suffer any disablement which would entitle him to compensation.

**2. Master and Servant § 69.1— loss of earning capacity — sufficiency of finding**

There was no merit to plaintiff's contention that the Industrial Commission's findings of fact were insufficient to support its conclusions on the issue of loss of earning capacity because they did not compare plaintiff's actual wages he was earning before he left defendant's employ and the wages he was earning at the time of the hearing, since to adopt plaintiff's argument would be equivalent to holding that plaintiff was entitled to continue in a particular type of work and that his inability to perform a particular type of work due to his susceptibility to infirmity from that work constituted disability under the Workers' Compensation Act.

APPEAL by plaintiff from an order of the Full Industrial Commission entered 10 July 1980. Heard in the Court of Appeals 26 May 1981.

Plaintiff filed his claim for workers' compensation benefits and medical expenses for an occupational disease. Hearings were held before Deputy Commissioners Delbridge and Roney, followed by an order denying plaintiff's claim. That order contained findings of fact, summarized as follows.

Plaintiff is a thirty-three year old male who was employed in defendant's textile mill in Roanoke Rapids from 1964 to January of 1978. During his employment, he was exposed to large amounts of cotton dust, and after several years on the job, he developed symptoms of having a stopped up chest and having a cold much of the time. His symptoms improved when he was not working on weekends. Between January 1978 and June 1978, plaintiff was unemployed. In June 1978, plaintiff became employed by the City of Roanoke Rapids on a full-time basis as a truck driver, making

$3.47 an hour at the time of the hearings on 10 April 1979 and 8 August 1979. Plaintiff's present work requires physical exertion. During the period January 1978 to June 1978, plaintiff applied for and received unemployment compensation. Plaintiff has smoked a pack of cigarettes a day since he was sixteen years old and continues to do so. Plaintiff exhibits mild obstructive lung disease characteristics, and has a history of chronic or recurring bronchitis. Cotton dust is an aggravating factor in these symptoms. Plaintiff's pulmonary functions are mildly obstructed, but plaintiff is not disabled for work. Although he should not return to work in a cotton dust environment, plaintiff has suffered no permanent damage to his lungs or respiratory system. Once the aggravating exposure to cotton dust was eliminated, plaintiff's ability to work was not impaired.

Upon these findings of fact, Deputy Commissioner Delbridge entered the following conclusion of law:

> While the plaintiff was exposed to the inhalation of cotton dust in his employment with the defendant employer such exposure has caused him no disability nor permanent lung damage.

Upon the foregoing findings and conclusions, an award was entered denying plaintiff's claim. Plaintiff appealed to the Full Commission. Commissioner Brown, writing for a majority of the Full Commission, entered an order concluding that plaintiff had failed to sustain his burden of proof that he suffers from an occupational disease caused by exposure to cotton dust while in the employ of defendant and adopting and affirming the opinion and award entered by Deputy Commissioner Delbridge. Plaintiff has appealed from the award of the Full Commission.

*Hassell & Hudson, by Robin E. Hudson, for plaintiff-appellant.*

*Maupin, Taylor & Ellis, P.A., by Richard M. Lewis and David V. Brooks, for defendants-appellees.*

WELLS, Judge.

[1] Plaintiff first contends that the Commission erred in concluding that plaintiff had not contracted an occupational disease. We do not agree, but hasten to point out that plaintiff's argument

does not address the dispositive question in this appeal, which is whether plaintiff's capacity to earn wages has been diminished. The plaintiff's entitlement to compensation under the Workers' Compensation Act is rooted in and must be measured by his capacity or incapacity to earn wages. *See Ashley v. Rent-A-Car Co.,* 271 N.C. 76, 155 S.E. 2d 755 (1967). *See also Morrison v. Burlington Industries,* 47 N.C. App. 50, 55, 266 S.E. 2d 741, 744 *remanded for additional proceedings,* 301 N.C. 226, 271 S.E. 2d 364 (1980). "Under the . . . Compensation Act *disability* refers not to physical infirmity but to a diminished capacity to earn money." *Mabe v. Granite Corp.,* 15 N.C. App. 253, 255, 189 S.E. 2d 804, 806 (1972), *quoting Hall v. Chevrolet Co.,* 263 N.C. 569, 139 S.E. 2d 857 (1965). "Under our . . . Compensation Act injury resulting from occupational disease is compensable only when it leads to disablement." *Woods v. Stevens & Co.,* 297 N.C. 636, 644, 256 S.E. 2d 692, 697 (1979). The wording of G.S. 97-52 makes it abundantly clear that "disablement" resulting from an occupational disease is the basis for compensation.

The Industrial Commission found that plaintiff is not disabled from work. This finding is supported by the evidence. The only medical witness to address this issue was Dr. Herbert O. Sieker, a professor of medicine at Duke University Medical Center and a member of the Industrial Commission's Textile Occupational Disease Panel. Dr. Sieker's testimony was to the effect that plaintiff suffered from chronic bronchitis and had evidence (symptoms) of mild obstructive lung disease, aggravated by exposure to cotton dust, but that such infirmities would not "interfere with any work except the most strenuous of things". Dr. Sieker testified that if plaintiff continued to work in an environment which caused exposure to cotton dust, it was quite possible plaintiff's mild lung obstruction would worsen. He further testified that he would advise plaintiff "not to be in the cotton dust environment." His testimony is best summed up by the following quotation.

> The patient has a history of chronic bronchitis and has evidence of mild obstruction consistent with that diagnosis. Symptons have been worse in the cotton dust exposure in the recent past so I think one would have to say there is a contribution to the bronchitis from the cotton dust exposure but that the impairment is minimal.

In his filed medical report, we find the following statement:

> The patient has a history of chronic or recurring bronchitis. It would appear that cotton dust is an aggravating factor in producing his symptoms. Pulmonary function studies, however, showed only mild restriction and obstruction and both from the history and the objective data I do not believe the patient is disabled for work. He should not return to work in the cotton dust environment, however.

The Commission's finding of no disablement, supported as it is by Dr. Sieker's evaluation, is binding on us on appeal. *Graham v. City of Hendersonville*, 42 N.C. App. 456, 460, 255 S.E. 2d 795, 797, *cert. denied*, 298 N.C. 568, 261 S.E. 2d 121 (1979).

[2] Plaintiff also argues that the Commission's findings of fact were not sufficient to support the Commission's conclusions on the issue of loss of earning capacity because they did not compare plaintiff's actual wages he was earning before he left defendant's employ and the wages he is now earning. The Commission made a finding that plaintiff was, at the time of hearing, employed on a full-time basis with a regular work schedule of at least forty hours per week at an hourly rate of $3.47. There was no finding as to plaintiff's hourly rate or number of regular hours worked while he was employed by defendant, but the evidence shows that at the time plaintiff left defendant's employ, he was working "mostly" forty-eight hours a week, and that he was earning at a rate of slightly more than $4.20 per hour. Plaintiff's argument misses the mark. To adopt plaintiff's argument would be equivalent to holding that plaintiff was entitled to continue in a particular type of work and that his inability to perform a particular type of work due to his susceptibility to infirmity from that work constitutes disability under the Workers' Compensation Act. This argument was considered and rejected by this Court in *Sebastian v. Hair Styling*, 40 N.C. App. 30, 251 S.E. 2d 872, *disc. rev. denied*, 297 N.C. 301, 254 S.E. 2d 921 (1979). In the case before us, plaintiff's sensitivity to cotton dust does not translate into disability due to occupational disease.

We hold that the Commission's findings of fact are supported by evidence, that these findings of fact reach and resolve the issues raised by the evidence, that the Commission's conclusions

are justified by its findings of fact, and that the order and award of the Commission should be and are

Affirmed.

Judges HEDRICK and MARTIN (H.) concur.