CHARLES W. HILLIARD, EMPLOYEE, PLAINTIFF v. APEX CABINET COMPANY,
    EMPLOYER, DEFENDANT AND AMERICAN MUTUAL LIABILITY COMPANY,
    CARRIER, DEFENDANT

No. 8110IC80

(Filed 6 October 1981)

**Master and Servant § 68— workers' compensation—failure to prove occupational disease**

> Benefits under the Workers' Compensation Act are paid only when, due to occupational disease or injury, the employee is incapable of earning the same wages he earned at the time of contracting the disease or receiving the injury at his job or any other employment. Therefore, where claimant's evidence showed he had a diminution in earning capacity but failed to show that the diminution was due to an occupational disease, the denial of an award by the Industrial Commission was proper.

APPEAL by plaintiff from an Order of the North Carolina Industrial Commission filed 18 April 1980. Heard in the Court of Appeals 2 September 1981.

*McCain & Moore, by Grover C. McCain, Jr., for plaintiff appellant.*

*Teague, Campbell, Conely & Dennis, by George W. Dennis, III, and Jeffrey L. Jenkins, for defendant appellees.*

BECTON, Judge.

The scope of review of Workers' Compensation awards made by the Industrial Commission is limited (1) to a determination of whether the Commission's findings of fact are supported by any competent evidence, and (2) to a determination of whether the Commission's findings of fact support its conclusions of law. *Barham v. Food World,* 300 N.C. 329, 266 S.E. 2d 676 (1980); *Buck v. Proctor & Gamble,* 52 N.C. App. 88, 278 S.E. 2d 268 (1981); *Walston v. Burlington Industries,* 49 N.C. App. 301, 271 S.E. 2d 516 (1980). The Commission's findings of fact, if supported, are conclusive and binding on us on appeal. G.S. 97-86. We conclude that the findings of fact by the Industrial Commission are supported by competent evidence and that its conclusions of law are supported by its findings of fact.

Suffering from headaches, nosebleeds, dizziness and shortness of breath and complaining that he was unable to work because of his health problems, the claimant, Charles Hillard, quit his job of twenty-two years with Apex Cabinet Company. After

quitting his job, Hilliard became self-employed and suffered a diminution in earnings. In filing his Workers' Compensation claim, Hilliard specifically alleged that his health problems were caused by his constant exposure to wood dust and fumes from glues, sealers, and lacquer in the cabinet shop where he worked. Hilliard argues that he is unable to find other jobs in pollutant-free environments because of his age, lack of education, and limited work experience. Significantly, Hilliard's personal doctors found no temporary or permanent disability arising from the health problems he complained of. One physician, Dr. Baggett, found no disability and opined that Hilliard could return to work. Dr. Sieker concluded that there was no abnormality, that there was no permanent damage, and that Hilliard could work in an environment free of wood dust and chemical fumes.

Although finding that Hilliard suffered from an occupational disease, the Commission determined that he suffered no temporary or permanent disability due to the occupational disease. The Commission's findings are based on competent evidence and are binding on us on appeal. That conflicting evidence which could lead to a contrary result was presented does not undermine the Commission's findings. Disability is defined as the "incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or any other employment." G.S. 97-2(9). This definition applies equally to occupational diseases. G.S. 97-52. The Workers' Compensation Statute does not guarantee that benefits will be paid whenever an employee is injured or suffers from an occupational disease. The Act is not designed to be a health or accident insurance policy. *Lewter v. Enterprises, Inc.,* 240 N.C. 399, 403, 82 S.E. 2d 410 (1954); *Martin v. Georgia Pacific,* 5 N.C. App. 37, 41, 167 S.E. 2d 790 (1969).

Benefits are paid only when, *due to occupational disease or injury,* the employee is incapable of earning the same wages he earned at the time of contracting the disease or receiving the injury at his same job or any other employment. The claimant must show that the diminution in earning capacity is due to the disease or illness; it is not enough merely to show a diminution in wages earned subsequent to the affliction or injury. *Pruitt v. Publishing Co.,* 27 N.C. App. 254, 218 S.E. 2d 876 (1975), *rev'd. on other grounds,* 289 N.C. 254, 221 S.E. 2d 355 (1976); *Hill v. DuBose,* 237

Hilliard v. Cabinet Co.

N.C. 501, 75 S.E. 2d 401 (1953). Although the claimant has not solicited employment from other employers, he has met the requirement of the statute that he show a diminution in earning capacity in the same or other employment by resorting to self-employment. He has failed, however, to show that the diminution is due to the occupational disease. Consequently, we must uphold the Commission's award and order since its conclusions of law are supported by its findings of fact.

This Court has ruled in two recent cases that employees who suffer occupational diseases due to personal sensitivities are not entitled to Workers' Compensation benefits when there is no finding that the disability is due to an occupational disease. *Mills v. J. P. Stevens & Co.*, 53 N.C. App. 341, 280 S.E. 2d 802 (1981); *Sebastian v. Hairstyling*, 40 N.C. App. 30, 251 S.E. 2d 872, *disc. rev. denied*, 297 N.C. 301, 254 S.E. 2d 921 (1979). In *Sebastian*, this Court upheld a denial of benefits to a 42-year-old woman who had been employed as a hairdresser for over twenty years. The Court held that the employee was not entitled to permanent disability compensation due to her susceptibility to a skin disease which she contracted while using work-related chemicals, despite a finding by the Industrial Commission that she suffered from an occupational disease. In *Mills*, this Court upheld the Commission's decision denying benefits to a textile employee whose prior health conditions were aggravated temporarily by cotton dust.

Counsel for the claimant suggests that those cases were properly decided since the employees' sensitivities were personal in nature, but that those cases should be limited to their facts. We agree that the case *sub judice* presents a different question since Hilliard's sensitivities were not personal in nature, but were work related. Here, the claimant, in good health, began work with Apex Cabinet Company twenty-two years ago and worked for the company continuously since then. The Commission found that the claimant suffered from an occupational disease due to causes and conditions of his employment with Apex Cabinet Company. Because of the fact that the claimant's sensitivities resulted from his prolonged exposure to the pollutants at Apex Cabinet Company, neither *Mills* nor *Sebastian* controls this case. That does not help the claimant, however, since the Commission explicitly found that he suffered no disability due to the occupational disease from which he suffers.

For the foregoing reasons, the award of the Industrial Commission is

Affirmed.

Judge MARTIN (Robert M.) and Judge MARTIN (Harry C.) concur.