RILDA J. LUCAS, EMPLOYEE PLAINTIFF v. BURLINGTON INDUSTRIES, EMPLOYER AND LIBERTY MUTUAL INSURANCE CO., CARRIER DEFENDANTS

No. 8110IC826

(Filed 18 May 1982)

1. **Master and Servant § 68— workers' compensation—finding of no disability— conclusion as to occupational disease not required**

    The Industrial Commission was not required to make a conclusion of law as to whether plaintiff suffered from an occupational disease where the Commission determined that plaintiff was not disabled.

2. **Master and Servant § 68— workers' compensation—occupational disease—ca-pability of other work**

    The Industrial Commission did not err in concluding, as a matter of law, that plaintiff textile worker is not disabled as a result of exposure to conditions in her employment where it found that, although she may have bronchitis in part due to cotton dust exposure in her employment, plaintiff is capable of work involving moderately strenuous activities in a clean environment.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 25 February 1981. Heard in the Court of Appeals 31 March 1982.

Plaintiff appeals from an award denying her compensation benefits.

Plaintiff's claim is one for chronic bronchitis due to exposure to cotton dust and lint in her employment with defendant. After hearing evidence, the Deputy Commissioner found that plaintiff was permanently and partially disabled as the result of an occupational disease. She awarded plaintiff partial disability benefits.

On appeal, the Full Commission set aside the Deputy Commissioner's opinion and award, and substituted its own in lieu thereof. It made the following pertinent findings of fact:

. . .

"2. Plaintiff was born on 30 June 1915. She has a seventh grade education. She has no skills other than those in the textile industry which she has learned by virtue of her occupation in the mills since age 14.

. . .

7. Plaintiff's breathing problems began in about 1972. They were noticeable but did not appreciably hinder her work. But in about 1973, plaintiff's various symptoms began to get very bad and particularly during her last six months of her employment she could hardly make it to work. During those last two years, plaintiff would wheeze, get markedly short of breath and at home would run a vaporizer year-round in order to ease her breathing. She did not develop a cough, although she took cough medicine in hopes of helping her respiratory problems. During the last six months, plaintiff was particularly affected at work when a blowing-off operation would have taken place during her shift.

8. Plaintiff stopped working for defendant-employer at age 62. At that time, plaintiff was totally disabled from working in the mill. Plaintiff consulted the unemployment office with regard to other jobs. She was told that a job was available as a maid at Howard Johnson's, but she decided not to take it because of the cleaning fluid. Plaintiff's experience during the last several years she worked with defendant-employer was that when they were overhauling the mill with varsol, she would have to get out on about the third day of a two-week period because her chest would close up. She felt that the cleaning fluid at Howard Johnson's would affect her.

9. Plaintiff has continued to look for other jobs. Plaintiff is capable of work which involves a clean environment and which involves moderate activity. She has looked for work in dime stores and other retail stores and is capable of that kind of gainful employment."

Based on its findings, the Commission concluded that plaintiff was not disabled as a result of her exposure to conditions in her employment. It denied compensation.

*Michael E. Mauney, for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell and Jernigan, by C. Ernest Simons, Jr., and Steven M. Sartorio, for defendant appellees.*

VAUGHN, Judge.

[1] Plaintiff first argues that the Commission erred in setting aside the hearing commissioner's conclusion of law that plaintiff suffered from an occupational disease without reaching its own conclusion on the issue. We disagree. The dispositive question is whether plaintiff's capacity to earn wages has been diminished. *Mills v. J. P. Stevens & Co.*, 53 N.C. App. 341, 280 S.E. 2d 802 (1981). In the present cause, the Commission considered plaintiff's physical symptoms and found that she may have had bronchitis in part due to cotton dust exposure. It also found, however, that plaintiff was not disabled. Since the absence of disability is a sufficient basis upon which to deny compensation, the Commission was not required to address the other elements necessary for a compensation award.

Plaintiff argues that she is nevertheless entitled to a conclusion on the presence of an occupational disease in order to preserve her rights under G.S. 97-47. Plaintiff's argument is without merit. Under G.S. 97-47, plaintiff may seek review of the Commission's award upon a showing of a change in condition. A previous conclusion of occupational disease is not a prerequisite. Plaintiff's assignment of error is, therefore, overruled.

[2] Plaintiff also argues that the Commission erred in concluding, as a matter of law, that plaintiff was not disabled as a result of exposure to conditions in her employment. We disagree.

"Disability" under Chapter 97 does not mean physical impairment. Rather, the term signifies an impairment in the employee's *wage-earning capacity* because of injury. G.S. 97-2(9). In determining disability, the Commission is not allowed to consider whether the average employee with plaintiff's injury is capable of working

and earning wages. The question is whether this particular employee has such a capacity. *Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978); *Mabe v. Granite Corp.*, 15 N.C. App. 253, 189 S.E. 2d 804 (1972).

On review, we are not triers of fact. Our responsibility is twofold. We must determine whether the Commission's findings are supported by competent evidence and whether those findings reasonably lead to the legal conclusions. *Buck v. Proctor & Gamble Co.*, 52 N.C. App. 88, 278 S.E. 2d 268 (1981).

We conclude there is ample support for Finding No. 10. "[P]laintiff has no disability due to causes and conditions arising out of plaintiff's employment by the defendant-employer." Dr. Herbert O. Sieker, a pulmonary specialist, testified that fumes, dust, or chemicals would cause an inflammation of plaintiff's bronchial system and that plaintiff should avoid such environments. He also testified, however, that she could work at moderately strenuous activities in a clean environment: "She could work in an office that's air-conditioned. She could work in a store that's relatively clean. She could work in a home setting that's clean."

The Workers' Compensation Act does not insure an employee any particular employment. G.S. 97-2(9) speaks of incapacity to earn wages "in the same *or any other* employment." (Emphasis added.) The present plaintiff's situation is similar to that of the plaintiff in *Sebastian v. Hair Styling*, 40 N.C. App. 30, 251 S.E. 2d 872, *cert. denied*, 297 N.C. 301, 254 S.E. 2d 921 (1979) and *Mills v. J. P. Stevens & Co.*, 53 N.C. App. 341, 280 S.E. 2d 802 (1981). In *Sebastian*, this Court affirmed the denial of compensation to a plaintiff who was no longer able to continue her job as a hair stylist. Although she had developed allergies to hair chemicals, the Commission found that she was capable of performing other gainful employment. In *Mills*, we affirmed the denial of compensation to a plaintiff with symptoms of mild obstructive lung disease who was advised not to return to his job at the textile mill but who could perform other work "except the most strenuous."

The finding of no disability, supported by the evidence, is binding on this Court. That finding justifies the Commission's conclusion of law. The award is affirmed.

Lucas v. Burlington Industries

Affirmed.

Chief Judge MORRIS and Judge HEDRICK concur.