ROBERT A. DONNELL, EMPLOYEE v. CONE MILLS CORPORATION, EMPLOYER, SELF-INSURER

No. 8210IC152

(Filed 18 January 1983)

1. **Master and Servant § 68— workers' compensation—reduced earning capacity from byssinosis**

   Plaintiff's earning capacity was reduced as a result of byssinosis contracted while working for defendant, and plaintiff was thus disabled from byssinosis, where the evidence showed that plaintiff could no longer work in a dusty environment and thus could not earn the same wages working for defendant after his disease as he earned before it; after the plant at which plain-

tiff worked was closed, he was not offered another job with defendant at a different plant because he could not pass the breathing test; plaintiff's earning capacity in other employment was reduced as a result of his disability; and he is earning less in his employment in a clean environment than he earned with defendant. G.S. 97-2(9).

**2. Master and Servant § 99— workers' compensation—striking attorney's fee for plaintiff**

The Industrial Commission did not err in striking an award of an attorney's fee for plaintiff under G.S. 97-88.1 since the claim was defended on a reasonable ground. Nor did the Commission err in the reduction of plaintiff's total attorney's fee. G.S. 97-90(a).

APPEAL by both parties from opinion and award of the North Carolina Industrial Commission filed 7 December 1981. Heard in the Court of Appeals 8 December 1982.

This case arose when plaintiff, a 54-year-old man, made a claim for byssinosis in 1980. Plaintiff worked for defendant from 13 July 1945 to 2 August 1976 in the carding department, except for approximately three years of military service from 1946 to 1949. He worked in the defendant's weaving department from 2 August 1976 until 15 June 1978 when the plant at which he worked closed.

During his employment with the defendant, plaintiff was exposed to cotton dust. He first began to have breathing problems in the 1950's. As time progressed, his symptoms got worse.

After his employment with the defendant ended, plaintiff did not get a job until 14 August 1978. He was promised another job with the defendant at a different plant but was rejected, apparently because he could not pass the breathing test. Plaintiff testified that he looked for other jobs during that time interval.

On 14 August 1978, plaintiff began work at Carolina Fabric Label Corporation where he operates a labeling machine. His job performance there has been good and he only missed three days of work during 1979 and the first six months of 1980. He was employed at Carolina Fabric when this case was heard before the deputy commissioner on 9 June 1980.

Plaintiff was examined by Dr. E. W. Stevens of Greensboro in 1978 after he stopped working for the defendant. Stevens' diagnosis was mild chronic obstructive pulmonary disease with a

history of byssinotic reaction. Dr. Stevens gave plaintiff a note suggesting that he return to work immediately but avoid undue dust.

Dr. Herbert O. Sieker of Duke University Medical Center examined plaintiff in March, 1979. His diagnosis was byssinosis with permanent impairment of the pulmonary functions. Lung capacity was seventy-five percent of normal. Dr. Sieker concluded that plaintiff should not work in the mill where there is any exposure to dust. According to Sieker, plaintiff is 100 percent limited for any heavy work or working in a dusty environment. But he added that plaintiff could work in a clean environment with moderate activity and suffer no disability.

Following a hearing on 9 June 1980, Deputy Commissioner Christine Y. Denson entered an opinion and award on 31 October 1980. She found that plaintiff was temporarily totally disabled from 15 June 1978 to 14 August 1978 and that he is permanently partially disabled as a result of byssinosis. The permanent partial disablement caused a loss of income of $54.19 per week from 14 August 1978 to 1 July 1979 and $40.19 per week from 1 July 1979 to the date of the award. The loss of income was a result of the fact that plaintiff's income at Carolina Fabric is less than it was when he worked for the defendant.

The award gave plaintiff $129.46 per week from 15 June 1978 to 14 August 1978, $36.13 per week from 14 August 1978 to 1 July 1979 and $26.80 per week from 1 July 1979 to the date of the award subject to a maximum of 300 weeks and to a change in condition. An attorney's fee of $1,200 for plaintiff's counsel was to be deducted from the award. Defendant also was ordered to pay plaintiff's counsel $1,226.96 under G.S. 97-88.1 because defendant did not stipulate as to liability. This amount was not to be deducted from the award. Defendant was to pay plaintiff's medical bills that resulted from his occupational disease and the costs of the action. Both parties appealed to the Full Commission.

On 7 December 1981, the Full Commission adopted all of the deputy commissioner's opinion and award except for the portion concerning attorney's fees. The Commission struck the fee paid pursuant to G.S. 97-88.1 and substituted a fee of $1,500 to be deducted from the award. Both parties appealed to this Court,

with plaintiff appealing only the portion that reduced his attorney's fees.

*Chambers, Ferguson, Watt, Wallas, Adkins & Fuller, by J. Levonne Chambers, for plaintiff.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr. and Caroline Hudson, for defendant.*

ARNOLD, Judge.

DEFENDANT'S APPEAL

[1] The substantive issue on this appeal is whether plaintiff's earning capacity was reduced as a result of byssinosis contracted while working for the defendant. If so, then he is disabled under G.S. 97-2(9) and our case law. *See, e.g., Wood v. Stevens & Co.,* 297 N.C. 636, 651, 256 S.E. 2d 692, 701 (1979). Because byssinosis is an occupational disease under G.S. 97-53(13), it is compensable under G.S. 97-52.

The burden of proof of showing a disability is on the plaintiff. *Hall v. Chevrolet Co.,* 263 N.C. 569, 139 S.E. 2d 857 (1965). To conclude that plaintiff is disabled because of a lack of earning capacity, the Industrial Commission must find

> (1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury.

*Hilliard v. Apex Cabinet Co.,* 305 N.C. 593, 595, 290 S.E. 2d 682, 683 (1982). If the Commission makes these findings, and they are supported by competent evidence, they are conclusive on appeal even though there is evidence to support a contrary finding. *Walston v. Burlington Industries,* 304 N.C. 670, 677, 285 S.E. 2d 822, 827 (1982). The conclusions of the Commission will not be disturbed if justified by the findings of fact. *Inscoe v. Industries, Inc.,* 292 N.C. 210, 216, 232 S.E. 2d 449, 452 (1977). To decide this case, we must determine if plaintiff has met the three prongs of the *Hilliard* test.

Plaintiff met the first element of the test by showing that he could not earn the same wages working for defendant after his disease as he earned before it. Consistent with his conclusion that plaintiff has byssinosis, Dr. Sieker stated that plaintiff should not work in a dusty environment, that he "would not tolerate strenuous or sustained exercise in a work environment," and that he had evidence of permanent impairment of his pulmonary functions.

Finding of fact number eight that plaintiff could not take another job with defendant because he could not pass a breathing test is supported by competent evidence. Both plaintiff and Sieker testified that he was not given a new job with defendant because of his breathing problems.

Although plaintiff did begin work at another job two months after his job with defendant ended, he cleared the second hurdle of *Hilliard.* The findings of Deputy Commissioner Denson as adopted by the Full Commission show that plaintiff's earning capacity in any other employment was reduced as a result of his disability.

Stipulation number four in the 31 October 1980 award states that plaintiff's average weekly wage was $194.19 when he worked for defendant. Finding of fact number eight lists the highest salary at his new job as $3.85 an hour for a 40-hour week. Although the award did not calculate his highest salary in the new job, it did conclude that plaintiff was disabled and calculated what amounts were due to him as a result of his disability.

Simple multiplication reveals that plaintiff's maximum weekly wage at the new job was $154.00. This is considerably less than what plaintiff earned while working for the defendant. Although comparing before and after earnings is not the method to show diminished earning capacity, *Hill v. Dubose,* 234 N.C. 446, 447-48, 67 S.E. 2d 371, 372 (1951), we believe that it is a factor to be considered.

Given plaintiff's physical condition, the limits on his ability to work and his lack of training in any job except the textile industry, we hold that there was competent evidence before the Industrial Commission to find that plaintiff was disabled from byssinosis. This conclusion avoids the "needless and wasteful ap-

pellate review based upon allegations of inadequate and inappropriate findings and conclusions of law" that Justice Meyer decried in his separate opinion in *Hilliard. See* 305 N.C. at 599, 290 S.E. 2d at 686. We refuse to require magic words in an award of the Industrial Commission before it will be affirmed.

An examination of the record reveals that plaintiff's diminished earning capacity is linked to his disease. Based on evidence discussed above, this third and final prong of the *Hilliard* test is present here.

Defendant cites *Mills v. Stevens & Co.*, 53 N.C. App. 341, 280 S.E. 2d 802, *disc. rev. denied,* 304 N.C. 196, 285 S.E. 2d 100 (1981), in support of its position. The court in *Mills* affirmed the Industrial Commission's conclusion that the plaintiff was not disabled and did not have an occupational disease. The plaintiff in that case was unemployed for six months between his job with the defendant and a new job.

But *Mills* can be distinguished on its facts. The plaintiff there did not meet his burden of proof on the disability issue and the Commission held against him. The case *sub judice* is different because there is sufficient competent evidence in the record to support the Commission's findings for the plaintiff. For example, there was no finding of fact in *Mills* as to plaintiff's salary when he worked with the defendant, while that fact is stipulated here.

Our decision does not ignore that plaintiff's job with the defendant ended because the plant where he worked was closed. But we do not believe this to be dispositive on the disability issue. The crucial fact is that plaintiff's earning capacity was diminished because he developed the occupational disease of byssinosis during his employment with the defendant.

The Workers' Compensation statutes in North Carolina should be liberally construed to effect their purpose of compensating injured claimants and recovery should not be denied by a technical or narrow construction. *Stevenson v. Durham,* 281 N.C. 300, 188 S.E. 2d 281 (1972). We believe that this decision and its interpretation of "disability" under G.S. 97-2(9) is in accord with that general rule and does not enlarge the statute beyond its limits.

## PLAINTIFF'S APPEAL

[2]  Plaintiff appealed that part of the Commission's award which struck the attorney's fee awarded under G.S. 97-88.1 and reduced the total fee to $1,500, which is to be deducted from his award. The Deputy Commissioner had awarded plaintiff's attorneys $1,226.96 under G.S. 97-88.1 because she found that the hearing was defended without reasonable ground, and an additional $1,200 fee to be deducted from the award.

G.S. 97-88.1, which was added by 1979 N.C. Sess. Laws Ch. 268, § 1, states:

> If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them.

Under the statute, "The test is not whether the defense prevails, but whether it is based in reason rather than in stubborn, unfounded litigiousness." *Sparks v. Restaurant*, 55 N.C. App. 663, 665, 286 S.E. 2d 575, 576 (1982).

Because the Commission struck the G.S. 97-88.1 award, it must have concluded that the defense was based on reasonable ground. Since our examination of the record leads us to a similar conclusion, we affirm the Commission's decision on this matter. *See Robinson v. Stevens & Co.*, 57 N.C. App. 619, 627, 292 S.E. 2d 144, 149 (1982).

We find no error in the Commission's reduction of plaintiff's total attorney's fees. This matter is subject to the approval of the Commission under G.S. 97-90(a) and will not be disturbed on appeal absent an abuse of that discretion.

The order of the Industrial Commission appealed from is

Affirmed.

Judges JOHNSON and BRASWELL concur.