Hendrix v. Linn-Corriher Corp.

RALPH JUNIOR HENDRIX v. LINN-CORRIHER CORP. (SELF-INSURED)

No. 8510IC276

(Filed 17 December 1985)

Master and Servant § 68— workers' compensation—chronic obstructive lung dis-
ease—insufficient evidence of disability

The evidence was insufficient to support a finding that plaintiff textile
worker is disabled from chronic obstructive lung disease where plaintiff
showed only that he was not earning the wages he was earning before his in-
jury at the time of his compensation hearing, and the undisputed medical
evidence showed that plaintiff is capable of work involving a clean environ-
ment, moderate activity and manual dexterity. N.C.G.S. 97-2(9).

Judge BECTON dissenting.

Judge PARKER concurring in result.

APPEAL by defendant from the Industrial Commission. Order
of the Full Commission entered 17 September 1984. Heard in the
Court of Appeals 16 October 1985.

Plaintiff filed a workers' compensation claim on 4 May 1982.
From an opinion and award for the Full Commission by Commis-
sioner Charles A. Clay granting plaintiff compensation for perma-
nent partial disability, defendant appealed.

*Lore & McClearen, by R. James Lore, for plaintiff, appellee.*

*Teague, Campbell, Dennis & Gorham, by George W. Dennis,
III, and Linda Stephens, for defendant, appellant.*

HEDRICK, Chief Judge.

Appellant, Linn-Corriher Corporation, contends that the
evidence in the record does not support the findings of fact
underlying the conclusion of law that plaintiff is disabled. In
order to support a conclusion of disability, the Commission must
find:

(1) that plaintiff was incapable after his injury of earning
the same wages he had earned before his injury in the same
employment, (2) that plaintiff was incapable after his injury
of earning the same wages he had earned before his injury in
any other employment, and (3) that this individual's incapaci-
ty to earn was caused by plaintiff's injury. . . .

*Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E. 2d 682, 683 (1982).

In passing upon issues of fact, the Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. The findings of the Industrial Commission are conclusive on appeal when supported by competent evidence even when there is evidence to support a contrary finding. *Id.*

The Industrial Commission heard evidence which tends to show the following: Plaintiff, Ralph Hendrix, is a 46 year old man with an eighth grade education who is unable to read a newspaper or spell. He began working in cotton mills at age sixteen. In January 1981, plaintiff contracted pneumonia and missed over three weeks of work with Linn-Corriher Corporation. He was laid off by Linn-Corriher Corporation pursuant to a company policy of terminating the employment of any employee who misses more than twelve days work in a one year period. Mr. Hendrix testified as to his attempts to find work after being laid off. He testified that he had a job at three mills before taking the "breathing test," but after he took the tests, he did not have a job anymore.

The uncontradicted medical testimony of Dr. Douglas Kelling of the North Carolina Textile Occupational Disease Panel indicates that plaintiff suffers from a mild case of employment related chronic obstructive lung disease, he has a twenty to thirty percent lung impairment, and he should not be exposed to dust or fumes. Plaintiff himself reported that "I never had shortness of breath so bad that I couldn't do my job," and that he could not list any activities outside of work that he could not do. Dr. Kelling testified that plaintiff is physically capable of certain types of jobs. Since defendant laid off plaintiff, plaintiff has held a construction job and a restaurant job.

Plaintiff's entitlement to compensation under the Workers' Compensation Act is measured by his capacity or incapacity to earn wages. *Ashley v. Rent-A-Car Co.*, 271 N.C. 76, 155 S.E. 2d 755 (1967). "Disability" under Chapter 97 means an impairment in the employee's wage-earning capacity because of injury, not merely a physical impairment. G.S. 97-2(9); *Sebastian v. Hair Styling*, 40 N.C. App. 30, 251 S.E. 2d 872, *disc. rev. denied*, 297 N.C. 301, 254 S.E. 2d 921 (1979).

Hendrix v. Linn-Corriher Corp.

The evidence in the present case is strikingly similar to the evidence in *Lucas v. Burlington Industries*, 57 N.C. App. 366, 291 S.E. 2d 360 (1982). The 62 year old plaintiff in *Lucas* had "no skills other than those . . . [she] learned by virtue of her occupation in the mills since age 14." The plaintiff in *Lucas* was capable of work involving moderate activity and a clean environment, and she sought the kinds of employment she was capable of performing, but was unable to secure such employment before the date of her compensation hearing. We held in *Lucas* that these facts supported a finding of no disability.

The workers' compensation system is not an unemployment insurance program. Before the plaintiff may receive compensation, he must show that he is not *capable* of earning the same wages he had earned before his injury. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 687 (1982). Merely showing that plaintiff is not earning the same wages after his injury than before is insufficient.

In the present case, plaintiff has shown that he was not earning the wages he was earning before his injury at the time of his compensation hearing. However, the evidence produced at the compensation hearing is insufficient to support a finding that plaintiff is *incapable* of earning the same wages. In fact, the undisputed medical evidence is that plaintiff is capable of work involving a clean environment, moderate activity and "certainly anything requiring manual dexterity." Therefore the opinion and award of the Industrial Commission is reversed.

Reversed.

Judge PARKER concurs in the result.

Judge BECTON dissents.

Judge BECTON dissenting.

The majority's reliance on *Lucas v. Burlington Industries*, 57 N.C. App. 366, 291 S.E. 2d 360, *disc. rev. allowed*, 306 N.C. 385, 294 S.E. 2d 209 (1982), *remanded by order* (9 November 1982) (settled by parties before argument in Supreme Court), is misplaced. Considering *Hilliard v. Apex Cabinet Company*, 305 N.C. 593, 290

S.E. 2d 682 (1982) and *Donnell v. Cone Mills Corporation,* 60 N.C. App. 338, 299 S.E. 2d 436, *disc. rev. denied,* 308 N.C. 190, 302 S.E. 2d 243 (1983), and believing the evidence in the record supports the findings of fact underlying the conclusions of law that plaintiff is disabled and has a compensable occupational disease, I dissent.

The precedential value of *Lucas* is questionable at best. *Lucas* derived its primary strength from *Sebastian v. Hair Styling,* 40 N.C. App. 30, 251 S.E. 2d 872, *disc. rev. denied,* 297 N.C. 301, 254 S.E. 2d 921 (1979) and *Mills v. J. P. Stevens & Company,* 53 N.C. App. 341, 280 S.E. 2d 802, *disc. rev. denied,* 304 N.C. 196, 285 S.E. 2d 100 (1981). However, both of those cases were specifically limited to their facts by this Court's later opinion in *Hilliard v. Apex Cabinet Company,* 54 N.C. App. 173, 282 S.E. 2d 828, *rev. on other grounds,* 305 N.C. 593, 290 S.E. 2d 682 (1982) because *Sebastian* and *Mills* had peculiar sensitivities that were personal in nature. Later still this Court in *Donnell* said:

> But *Mills* can be distinguished on its facts. The plaintiff there did not meet his burden of proof on the disability issue and the Commission held against him. The case *sub judice* is different because there is sufficient competent evidence in the record to support the Commission's findings for the plaintiff.

60 N.C. App. at 343, 299 S.E. 2d at 439.

Equally important, the *Lucas* Court never considered the North Carolina Supreme Court's opinion in *Hilliard* which recognized that a person could be considered disabled even though physically able to work. *Lucas* was filed fourteen days after *Hilliard* but did not cite *Hilliard.* In *Hilliard,* one of the doctors found no disability and opined that Mr. Hilliard could return to work. Another doctor found no abnormality, no permanent damage, and concluded that Mr. Hilliard could return to work in an environment free of wood dust and chemical fumes. Indeed, Mr. Hilliard worked part time as a carpenter and set up his own cabinet shop as a sole proprietor, earning $7,114.43 in 1978. 305 N.C. at 598, 290 S.E. 2d at 685 (Exum, J., concurring). Notwithstanding these facts, the Supreme Court remanded *Hilliard* for the Industrial Commission to determine whether Mr. Hilliard was unable to find a job in a pollutant-free environment because of his age, lack of education, and limited work experience.

Hendrix v. Linn-Corriher Corp.

In the case *sub judice*, the evidence shows, and the Commission found, that the claimant's "partial incapacity to work and earn wages results from his permanent physical impairment caused by his chronic obstructive lung disease and byssinosis which in combination with his age, his limited education and his twenty-nine years of employment in the cotton textile industry, limit his ability to earn wages." As plaintiff points out in his brief,

claimant sought a multitude of different jobs, both inside and outside the textile industry, with very little, if any, success. The jobs he otherwise could have obtained in the textile industry were denied him once he could not pass the breathing test. The construction job he attempted to perform between July and August, 1981, was terminated because the plaintiff could not hold out to do the job. The only other job he did obtain, washing dishes, was terminated because of the closing of the restaurant. Numerous other jobs outside of the textile industry including those of a garbageman, a truck driver, a bagboy, a cashier, an employee of Philip-Morris, a farm job, a textile job, and a sawmill job were all denied him on application.

Unlike the *Lucas* Court, this Court in *Donnell* followed the guiding principles set forth by the Supreme Court in *Hilliard*. Donnell, a fifty-year-old claimant, lost his textile job when the plant closed. His employer rejected him for a "promised" job at another plant when he could not pass the breathing test. Two months later, Donnell obtained a job at a lesser wage at another plant and worked at that job until his worker's compensation hearing was held. The medical testimony in *Donnell* was remarkably similar to the medical testimony in the case *sub judice*. This Court, affirming the Commission's opinion and award in *Donnell*, said:

Given plaintiff's physical condition, the limits on his ability to work and his lack of training in any job except the textile industry, we hold that there was competent evidence before the Industrial Commission to find that plaintiff was disabled from byssinosis.

60 N.C. App. at 342, 299 S.E. 2d at 438.

In this case, the Commission concluded that claimant has a "compensable occupational" disease, and defendants did not

challenge that conclusion. That conclusion is mandated by the evidence. As stated by Justice Exum in his concurring opinion in *Hilliard*: "In light of this conclusion [that claimant has an occupational disease], it is difficult to see what else plaintiff could do to prove that he has had a diminution in earning capacity as the result of an occupational disease." 305 N.C. at 599, 290 S.E. 2d at 685. Indeed, in most occupational disease cases (excepting, for example, those involving payments made pursuant to N.C. Gen. Stat. Sec. 97-31(24) (1985) for partial loss of lung function, *see Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, --- S.E. 2d --- (filed 5 November 1985); *Grant v. Burlington Industries*, 77 N.C. App. 241, 335 S.E. 2d 327 (1985) ), a conclusion of "compensability" contemplates a finding of some "disability."

In this case I fear the majority has implicitly engrafted a new and troublesome requirement in occupational disease cases — a requirement that claimants unsuccessfully apply for every job in the marketplace that pays as much or more than claimant earned before his disability or produce expert testimony on job relocation which proves to the Commission that claimant is incapable of finding such a job. Believing that this is not required by law, I dissent. But even if this were a requirement, claimant came commendably close to fulfilling it. He made a good faith attempt without success to find alternative employment outside his usual vocation. The facts and every inference suggest that, because of his occupational disease, he is incapable of earning the same wages he was earning before his injury.

Judge PARKER concurring in result.

I concur in the result, but I agree with the dissent that reliance on *Lucas v. Burlington Industries*, 57 N.C. App. 366, 291 S.E. 2d 360 (1982) is misplaced. In my view, claimant's evidence at the Commission hearing was not sufficient even considering his age, education and work experience, *see, Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982), to support a finding that claimant was not capable of earning the same wages as the result of his occupational disease. As stated in *Hill v. Dubose*, 234 N.C. 446, 447-48, 67 S.E. 2d 371, 372 (1951), "Compensation must be based upon loss of wage-earning power rather than amount actually received."

Other than the jobs for which claimant applied at textile mills, there is no evidence that his inability to obtain employment was due to his occupational disease. The award of the Full Commission simply assumes this fact for periods when claimant has not been and is not gainfully employed notwithstanding the fact that claimant has demonstrated wage-earning capacity.