Central to the majority's denial of benefits to plaintiff was its finding that plaintiffs reaction to odors and chemicals at GKN Automotive and Duke University is due to her personal sensitivity to odors and chemicals which is part of her pre-existing hyperactive airways disease. This was based on the majority's reading of Nix v. Collins Aikman,_____N.C. App. ___ 566 S.E.2d 176 (2002); Hilliard v. Apex Cabinet, 54
N.C. App. 173, 282 S.E.2d 828 (1981), Mills v. J.P. Stevens Co.,53 N.C. App. 341, 280 S.E.2d 802 (1981) and Sebastian v. Hairstyling,
40 N.C. App. 30,251 S.E.2d 872 (1979).
As Judge Eddie Greene said in his dissent in the Nix case,
 Sebastian does not stand for the proposition that a condition caused by the interaction of an employee's sensitivities to work-related factors is not compensable under the Workers' Compensation Act. Instead, Sebastian simply holds that if an employee's occupational disease ceases after the employee leaves the work environment that caused the disease and the employee does not suffer from any lasting effects, she will be denied disability benefits after the healing date.
Unusual sensitivity is immaterial to a decision in this case. See 1 Arthur Larson, Larson `s Workers' Compensation Law § 9.02[11 (2001) (as the "employer takes the employee as it finds that employee," an employee's preexisting disease or infirmity is compensable under the Workers' Compensation Act if the employment aggravated, accelerated, or combined with the disease or infirmity to cause disability). The relevant issues are whether plaintiff had a sensitivity to chemicals she came in contact with at work and as a result of this contact her hyperactive airway disease was aggravated and, if so, whether her employment exposed her to a greater risk of having the disease aggravated than the risk assumed by the general population suffering from the disease. The decision of the majority on this issue should be reversed.
This 7th day of May 2003.
S/_____________ THOMAS J. BOLCH, COMMISSIONER