DAVID IRVING SCHRUM v. CATAWBA UPHOLSTERING COMPANY AND THE MARYLAND CASUALTY COMPANY.

(Filed 2 November, 1938.)

**Master and Servant § 41a—Employee is entitled to full compensation for loss of vision although prior to accident he had astigmatism.**

Claimant suffered an accident arising out of and in the course of his employment which resulted in the total, irremediable loss of vision in one eye.   Prior to the accident claimant suffered from astigmatism which caused a forty per cent uncorrected loss of vision, but by the use of

glasses his vision was practically normal. There was no evidence that the accident would not have resulted in the destruction of his vision had the former condition not existed. *Held:* Claimant is entitled to full compensation for the total loss of vision of the eye, Michie's Code, 8081 (mm), subsec. (q) (t), and it is error to first deduct the forty per cent loss of vision from astigmatism and award claimant only sixty per cent of the amount recoverable for total loss of vision. The provisions of sec. 8081 (oo), does not alter this result, the intent of this section being to prevent double compensation when an employee has suffered two compensable permanent injuries.

APPEAL by plaintiff from *Rousseau, J.,* at February Term, 1938, of CATAWBA. Reversed.

This is a proceedings before the Industrial Commission for compensation for total loss of vision of one eye.

It is agreed that the claimant is entitled to the minimum rate of compensation. The controversy involves only the amount of compensation claimant is entitled to recover. The Commission awarded sixty per cent of the amount recoverable for the total loss of vision. In the court below the plaintiff tendered judgment "that the plaintiff have and recover of the defendants compensation for the complete loss of vision in his eye at the rate of $7.00 per week for 100 weeks, in accordance with section 8081 (mm), subsection (q), of the Consolidated Statutes of North Carolina." The court below declined to sign said judgment and in lieu thereof signed judgment approving and affirming the award of the Industrial Commission. The plaintiff excepted and appealed.

*Russell W. Whitener for plaintiff, appellant.*
*W. C. Ginter and F. D. Pearce for defendants, appellees.*

BARNHILL, J. The claimant, at the time he suffered an injury by accident arising out of and in the course of employment which resulted in total destruction of vision of his right eye, was suffering from astigmatism of said eye, which caused a forty per cent uncorrected loss of vision. By the use of proper glasses his vision was from ninety to one hundred per cent normal.

The hearing Commissioner found that "the accident destroyed the source and substance of vision, that which the claimant possessed and which enabled him to establish a vision close to normal which cannot be established in any part by the use of a lens since the accident occurred." The Full Commission on review affirmed the findings of fact of the hearing Commissioner, but concluded that the claimant was entitled to recover only for sixty per cent loss of vision, that is, the loss of vision suffered by him after first deducting the uncorrected loss of vision due to the astigmatism.

In its opinion the Commission states the question of law presented as follows: "Shall the plaintiff be paid for the loss of corrected vision under section 31 (q); or shall he be paid for the uncorrected loss of vision?"

The statute, Michie's Code of 1935, sec. 8081 (mm), subsection (q), provides that an employee shall receive sixty per centum of his average weekly wages during 100 weeks for the loss of an eye. In subsection (t) thereof it is provided that the loss of vision of an eye shall be considered as equivalent to the loss of an eye. The Commission based its decision reducing the amount of compensation on the provisions of section 8081 (oo), which is as follows: "PRORATING PERMANENT DIS-ABILITY RECEIVED IN OTHER EMPLOYMENT.—If any employee has a permanent disability or has sustained a permanent injury in service in the Army or Navy of the United States, or in another employment other than that in which he received a subsequent permanent injury by accident, such as specified in section 8081 (mm), he shall be entitled to compensation only for the degree of disability which would have resulted from the later accident if the earlier disability or injury had not existed."

An analysis of this section, in connection with its caption, clearly indicates that it was the intention of the Legislature to provide for the deduction of prior compensable injuries and thus to prevent double compensation. Where there are two compensable permanent injuries, in determining the degree of impairment caused by the second injury, the degree of the injury caused by the first must be deducted from the total injury resulting from the two accidents to determine the compensable injury caused by the second accident. Had the claimant theretofore suffered an injury to his eye which impaired his vision forty per cent and then suffered a second injury which further impaired his sight, so that he then had only forty per cent vision remaining he would be entitled to compensation for the second injury on the basis of twenty per cent impairment.

Whether the section applies when there has been a total loss of an eye, or arm, or leg, we need not now decide, for we are of the opinion that there is nothing on this record or in said section which justified the conclusion that deduction should be made for a defective vision due to astigmatism. To so hold would require an examination into the condition of vision of the eye of every employee who suffered a loss of vision arising out of and in the course of his employment. And it is well known that few people of mature age possess perfect vision. Thus few, if any, employees who suffered the loss of vision of an eye could recover the compensation the Legislature clearly intended should be awarded in such an event.

The compensation provided is for the "loss of vision of an eye." The sense of sight is just as precious to the person who is suffering from a defective vision due to astigmatism which may be, and is, corrected by the use of glasses, as it is to one whose sight is unimpaired. It is for this loss of vision the statute seeks to compensate.

This employee, by the use of glasses, possessed vision which is considered normal or perfect, and there is nothing in this record which indicates that the accident would not have resulted in the destruction of his vision had the former condition not existed. This "source and substance of vision" has been destroyed by the injury he sustained. For this loss he is entitled to the full compensation provided by. statute. We are of the opinion, therefore, that there was error in the refusal of the court to sign the judgment tendered by the claimant and in the judgment affirming the award of the Commission.

In the opinion of the Full Commission it is stated: "In an effort to be liberal the Commission from the beginning has ruled that where there is an injury to the eye and there is loss of vision, but where this vision could be in part compensated by the proper fitting of glasses, the Commission has awarded compensation based upon the uncorrected vision and at the same time required the defendants to furnish glasses." There is no fault to be found with this rule of procedure in the award of compensation where the accident does not result in a complete loss of vision. However, on this record, the application of this rule in the instant case where there has been a complete loss of vision is not warranted under the statute.

This cause is remanded to the Superior Court for judgment in accord with this opinion.

Reversed.