A. M. AUSTIN AND WIFE, VIRGINIA ODEN AUSTIN, v. F. B. HOPKINS.

(Filed 17 September, 1947.)

**Boundaries §§ 11, 12—**

> In a processioning proceeding between parties claiming from a common source to establish the boundary line as called for in their respective deeds, defendant also pleaded title to the disputed strip by adverse possession, but prior to trial it was agreed and stipulated of record that the only question in controversy was the location of the true boundary line between the parties. *Held:* Defendant cannot assert title to the disputed area by adverse possession in the face of the stipulation of record, and it was not error for the trial court to fail to charge the jury on the question of adverse possession.

APPEAL by defendant from *Williams, J.,* at June Term, 1947, of PASQUOTANK.

Processioning proceeding instituted 29 March, 1946, to establish the true boundary line between adjacent lands of the petitioners and the defendant.

The petitioners claimed the true boundary line between the lands of the parties was a line, as later shown on the court map, from an undis-

puted common corner of the lands of the parties hereto, designated as D, to a point in the Southern margin of Burgess Street, 295 feet and 10 inches west of the property line of the southwest corner of Poindexter and Burgess Streets, designated on the map as B.

The defendant contended that the true boundary line was from point D to a point in the Southern margin of Burgess Street designated as C, the point C being 9.8 inches west of the point designated as B. The land in dispute being a triangle 9.8 inches wide on Burgess Street in Elizabeth City, North Carolina.

The defendant in answering the petition pleaded title to the disputed area by adverse possession. But prior to the trial it was agreed between the parties that the title to the property was not in issue, and the following stipulation was dictated into the record: "It is stipulated and agreed between the parties that the only question in this controversy is the location of the true boundary line between the parties."

The petitioners and the defendant introduced certain duly recorded deeds, containing descriptions of the respective lots. The defendant also introduced evidence of his possession, cultivation and use of the area in dispute since 1913. There was no dispute as to the location of any other line or corner of the lots involved herein.

Upon the evidence submitted, the jury found the true boundary line between the adjacent lands of the parties to be the line represented on the court map from D to B, as contended for by the petitioners. Judgment was entered on the verdict, and the defendant appealed, assigning error.

*J. Henry LeRoy and Killian Barwick for petitioners.*
*W. W. Cohoon and R. Clarence Dozier for defendant.*

DENNY, J. The sole question presented on this appeal is: Did his Honor commit error in failing to charge the jury on the question of adverse possession? The answer is No.

The defendant cannot assert title to the disputed area by adverse possession in the face of the stipulation entered into by him. *Matthews v. Myatt,* 172 N. C., 230, 90 S. E., 150, the case upon which the appellant is relying, is not applicable to the facts herein. In that case the plaintiff claimed the disputed area upon two grounds: (1) That it was covered by his record title; and (2) that if the disputed area was not covered by the deeds in his chain of title, he had acquired title thereto by the adverse possession of himself and those under whom he claimed. In the instant case, in view of the stipulation entered into by the parties, evidence of adverse possession could be considered by the jury only as tending to show the location of the true boundary line, and not for the

purpose of establishing title to the disputed area by reason of such adverse possession. The defendant's evidence as to his possession, cultivation and use of the area to the line contended for by him was submitted to the jury. This was all the charge. he was entitled to on the question of adverse possession. See *Thomas v. Hipp,* 223 N. C., 515, 27 S. E. (2d), 528, and *Clark v. Dill,* 208 N. C., 421, 181 S. E., 281.

In the trial below, we find