CHARLIE H. MARTIN, EMPLOYEE PLAINTIFF v. BAHNSON SERVICE COMPANY, EMPLOYER, HARTFORD ACCIDENT AND INDEMNITY CO., CARRIER, DEFENDANTS

No. 7321IC21

(Filed 14 February 1973)

Master and Servant § 72— workmen's compensation — permanent and total disability from burns on legs

The evidence was sufficient to support the Industrial Commission's determination that plaintiff is totally and permanently disabled by reason of extensive burns sustained on both legs when he set fire to his trousers while using an electric welder's torch.

APPEAL by defendants from an order of the Industrial Commission entered 1 May 1972.

On 1 February 1971, plaintiff sustained injury by accident in the course of and arising out of his employment. Defendants admitted liability and made payments for temporary total disability.

On 1 May 1972, the Commission entered an opinion and award ordering the payment of compensation for permanent total disability as a result of the accident. Defendants appealed.

*No counsel for plaintiff appellee.*

*Hudson, Petree, Stockton, Stockton & Robinson by W. F. Maready and James H. Kelly, Jr., for defendant appellants.*

VAUGHN, Judge.

The question is whether the Commission erred in finding and concluding that plaintiff sustained total and permanent disability as a result of the accident.

At the time of the accident, plaintiff was approximately 68 years of age and had suffered from emphysema for six or seven years. Several years prior to the accident, plaintiff hurt his knee while working. He missed one or two days of work because of the injury to his knee but did not receive any compensation for the injury to his knee.

In the accident which is the subject of this claim, plaintiff, a welder using an electric torch, set fire to his trousers, causing extensive third degree burns on both legs. He was first hospitalized in Williamston and was later transferred to Forsyth Memorial Hospital where he was seen by a surgeon. The surgeon testified, in part, as follows:

"When I first saw Mr. Martin about a week after his injury, he was quite ill, had third degree burns, a great deal of edema and swelling of both legs. He was suffering from mental confusion, some difficulty in breathing, and rather severe abdominal distention. The third degree burns on his legs were just below his knees to his ankles. There were no other burns on other parts of the body. His treatment consisted of intravenous fluids, multiple enemas, antibiotics, elevation of the extremities, multiple surgical debridements, removing dead skin, and cleaning up the wound. Mr. Martin was a patient from February 10, 1971, and was discharged from my service on May 10, 1971. He did not undergo plastic surgery. Mr. Martin reached his maximum improvement on the date of discharge. At the time of discharge Mr. Martin had received two skin grafts and we had a great deal of trouble with the swelling of his legs. Without proper elevation and use of the proper supportive dressings, the legs would swell in the grafts and the skin grafts would blister and ulcerate. At the time of his discharge, I did not feel that he would be able to return to work."

The surgeon rated plaintiff as being 100% disabled. He testified that standing for long periods could cause swelling and ulceration of plaintiff's legs. On cross-examination he stated that when he referred to plaintiff as being 100% disabled, he was talking about his total medical picture and that the same injury would not have been as disabling to a 21 year old man; that he would be hard pressed to have an opinion about the degree of disability simply from the burns.

Plaintiff testified that prior to the accident which caused the injury to his legs he had worked every day for the last seven years of his employment with Bahnson Service Company. Because of the burns to his legs, he cannot stand or move around for more than an hour at a time.

We hold that this evidence is sufficient to support the Commission's award declaring that, by reason of the accident giving rise to the claim, plaintiff is totally and permanently disabled within the meaning of the Workmen's Compensation Act. See *Schrum v. Upholstering Co.,* 214 N.C. 353, 199 S.E. 385; *Mabe v. Granite Corp.,* 15 N.C. App. 253, 189 S.E. 2d 804.

Affirmed.

Judges BRITT and PARKER concur.