RICHARD G. PRUITT, EMPLOYEE-PLAINTIFF v. KNIGHT PUBLISHING COMPANY, EMPLOYER-DEFENDANT AND TRAVELERS INSURANCE COMPANY, CARRIER-DEFENDANT

No. 7526IC405

(Filed 15 October 1975)

1. Trial § 6— stipulations — binding effect on parties

It is settled that stipulations duly made constitute judicial admissions binding upon the parties and a party may not thereafter take a position inconsistent therewith; therefore, defendants who entered into a stipulation before the hearing commissioner as to the sole question for determination could not raise on appeal two other questions not contained in the stipulation.

2. Master and Servant § 69— workmen's compensation — disability defined

The term "disability" means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment; it is more than mere physical injury and is markedly different from technical or functional disability; it is the event of being incapacitated from the performance of normal labor. G.S. 97-2(9).

3. Master and Servant § 66— preexisting condition — disposition to injury — no reduction in compensation

That one employee is peculiarly disposed to injury because of an infirmity or disease incurred prior to his employment affords no sound basis for a reduction in the employer's liability.

4. Master and Servant §§ 65, 66— workmen's compensation — preexisting condition — back injury — cause of disability

Evidence was sufficient to support a finding that an injury sustained by plaintiff in defendant's plant in 1972 was the causal force which transformed latent infirmity into disability within the contemplation of the Workmen's Compensation Act where such evidence tended to show that plaintiff sustained a back injury in an automobile accident ten years prior to the accident in defendant's plant but the after-effects of the earlier injury, both long and short term, had abated to the extent that plaintiff regularly performed heavy manual labor—lifting lead plates—at defendant employer's printing plant.

Pruitt v. Publishing Co.

5. **Master and Servant § 72**— **workmen's compensation** — **preexisting condition** — **subsequent injury** — **apportionment of disability improper**

Where there was evidence that plaintiff had a 35 percent permanent disability of the spine with 25 percent attributable to the preexisting injury and 10 percent attributable to aggravation by the subsequent injury at defendant's printing plant, the Industrial Commission erred in concluding that plaintiff's compensation should be based on the percentage of disability attributable to the injury sustained in defendant's plant.

Judge CLARK dissenting.

APPEAL by plaintiff from order of the North Carolina Industrial Commission entered 25 February 1975. Heard in the Court of Appeals 4 September 1975.

For several years prior to 30 November 1972, plaintiff was employed by defendant employer in its printing plant. In his job plaintiff was required to handle heavy printing plates. On said date, while exerting unusual effort to jerk a stuck top from the gear box of a machine, plaintiff sustained an injury to his back. It was stipulated that the injury resu ted from an accident arising out of, and in the course of, plaintiff's employment. He sustained temporary total disability for one year and was paid compensation for that period.

During the course of medical treatment, plaintiff was referred to Dr. J. L. Goldner at Duke University Medical Center for examination, treatment and evaluation. Some ten years previously, Dr. Goldner had treated plaintiff for a back injury sustained in an automobile accident prior to plaintiff's employment with defendant employer. This prior injury did not arise while plaintiff was serving in the Army or Navy of the United States, or as the result of a compensable injury. Dr. Goldner opined that the 30 November 1972 injury aggravated the previous injury. He rated plaintiff as having a 35 percent permanent partial disability of the spine with 25 percent attributable to the prexisting injury and 10 percent attributable to aggravation by the subsequent injury at defendant's printing plant.

The hearing commissioner concluded that " . . . because Dr. Goldner can definitely fix causation of the disability at 25% for a pre-existing condition and at 10% for the injury which is the subject of this action, the defendants should not be saddled with plaintiff's full disability. There must be a causal relationship between the injury and the disability and that relationship has been established by Dr. Goldner at a 10% disability of the back." From an award based on 10 percent perma-

nent partial disability, plaintiff appealed to the full commission who adopted as its own, and affirmed, the opinion and award of the hearing commissioner. Plaintiff appealed to the Court of Appeals.

*Palmer, McMullen, Griffin & Pittman, P.A., by Richard L. Griffin, for plaintiff appellant.*

*Spears, Spears, Barnes, Baker and Boles, by Alexander H. Barnes, for defendant appellees.*

BRITT, Judge.

[1] In their brief, defendants contend that prior to his request to the Industrial Commission for a hearing, plaintiff entered into a written settlement agreement with defendants which has not been set aside in the manner authorized by G.S. 97-17. They further contend that plaintiff did not give notice of appeal from the hearing commissioner to the full commission within the time prescribed by G.S. 97-85. We do not think the questions raised by these contentions are before us in view of the following stipulation entered into before the hearing commissioner: "The sole question for determination in this case is whether allocation of the disability to plaintiff's back as rated by Dr. Goldner should be prorated, or whether the defendants should bear the entire responsibility for the disability."

It is settled that stipulations duly made constitute judicial admissions binding upon the parties and a party may not thereafter take a position inconsistent therewith. 7 Strong, N. C. Index 2d, Trial, § 6, pp. 262-63. *See also Austin v. Hopkins,* 227 N.C. 638, 43 S.E. 2d 849 (1947), where the court held that the parties having stipulated that the only question involved was the location of the true dividing line between the respective lands, neither party could thereafter raise the question of title. Thus we find no merit in the contentions.

We then come to the real question presented by this appeal: Did the Industrial Commission err in concluding that plaintiff's compensation should be based on the percentage of disability attributable to the injury sustained on 30 November 1972? We answer in the affirmative.

[2] In cases covered by our Workmen's Compensation Act, disability is not a term of art but a creature of statute. G.S. 97-2 (9) provides: "The term 'disability' means incapacity because of

injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." Thus we see that disability is defined in terms of a diminution in earning power. It is more than mere physical injury and is markedly different from technical or functional disability. *Anderson v. Northwestern Motor Co.*, 233 N.C. 372, 64 S.E. 2d 265 (1951). Our Supreme Court has described disability as the event of being incapacitated from the performance of normal labor. *Watkins v. Central Motor Lines*, 279 N.C. 132, 181 S.E. 2d 588 (1971); *Hall v. Chevrolet, Inc.*, 263 N.C. 569, 139 S.E. 2d 857 (1965).

[3] An employer takes his employees as he finds them. *Mabe v. North Carolina Granite Corp.*, 15 N.C. App. 253, 189 S.E. 2d 804 (1972). *See e.g., Edwards v. Publishing Co.*, 227 N.C. 184, 191, 41 S.E. 2d 592, 594 (1947) (Concurring opinion of Seawell, J.). Each employee brings to the job his own particular set of strengths and weaknesses. That one employee is peculiarly disposed to injury because of an infirmity or disease incurred prior to his employment affords no sound basis for a reduction in the employer's liability. The fact that a person of normal faculties working under the same conditions might not have sustained the same injury to the same degree is immaterial. Plaintiff was putting forth a full day's work for a full day's pay. There is no evidence that plaintiff's capacity to earn in the course of employment at defendant's printing plant was at all impaired by after-effects of the 1961 automobile accident.

[4] The record reveals the 1972 injury as the causal force which transformed latent infirmity into disability within the contemplation of the Workmen's Compensation Act. The force of the earlier injury was spent; the after-effects, both long and short term, had abated to the extent that plaintiff regularly performed heavy manual labor—lifting lead plates—at defendant employer's printing plant. The vulnerative force of the 1972 accident acted directly upon the situs of the earlier injury and surgery, causing, ". . . the impingement of the old fusion on L3 spinous process." By invading theretofore unoffending aspects of the earlier injury the accident of defendant's printing plant became the prime cause of plaintiff's disability. *Starr v. Charlotte Paper Co.*, 8 N.C. App. 604, 175 S.E. 2d 342 (1970), *cert. denied*, 277 N.C. 112 (1970). *See generally* the following related medico-legal articles: Grave,

Compensation Aggravation and Acceleration of Pre-Existing Infirmities Under Workmen's Compensation Acts, 22 Ky. L. J. 582 (1934) ; Flaxman, Pre-Existing Spondylolisthesis, Aggravation Of, 1956 Med. Trial Tech. Q. 127.

[5] In 2 A. Larson, Workmen's Compensation Law, § 59.20, pp. 10-270-273 (1972), we find:

> "Apart from special statute, apportionable 'disability' does not include a prior nondisabling defect or disease that contributes to the end result. Nothing is better established in compensation law than the rule that, when industrial injury precipitates disability from a latent prior condition, such as heart disease, cancer, back weakness and the like, the entire disability is compensable, and, except in states having special statutes on aggravation of disease, no attempt is made to weigh the relative contribution of the accident and the preexisting condition to the final disability or death. . . ."

Our act contains no special statute which would authorize apportionment in the instant case.

There is a distinction between a preexisting impairment independently producing all or part of a final disability, and a preexisting condition acted upon by a subsequent aggravating injury which precipitates disability. Plaintiff's claim falls in the latter category.

Our decision is in accord with the majority, and we think the better, view of those jurisdictions which have spoken on the subject of preexisting infirmities aggravated by subsequent industrial injury. 2 A. Larson, Workmen's Compensation Law, *supra;* 11 W. Schneider's Workmen's Compensation, § 2303 (perm. ed. 1957) ; Kendis and Kendis, Aggravation Under Workmen's Compensation, 17 Clev-Mar. L. Rev. 93 (1968) ; Comment, Successive Insurers and the Accident which Aggravates a Preexisting Condition, 1956 Wis. L. Rev. 331. *See e.g., Anderson v. Northwestern Motor Co., supra.* It is an established precept that employers take their employees as they find them. Branconnier's Case, 223 Mass. 273, 111 N.E. 792 (1916) ; *Belth v. Anthony Ferrante & Son, Inc.,* 47 N.J. 38, 219 A. 2d 168 (1966), *aff'g,* 88 N.J. Super. 9, 210 A. 2d 430 (1965) ; *Roberson v. Liberty Mutual Insurance Co.,* 316 So. 2d 22 (La. App. 1975). So long as an individual is capable of doing that for which he was hired, then the employer's liability for injury due to indus-

trial accident ought not be reduced due to the existence of a nonincapacitating infirmity. *Knudsen v. McNeely,* 159 Neb. 227, 66 N.W. 2d 412 (1954); *Gordon v. E. I. DuPont De Nemours & Co.,* 228 S.C. 67, 88 S.E. 2d 844 (1955); *Shainberg v. Dacus,* 233 Ark. 622, 346 S.W. 2d 462 (1961). While a distinction can be found in the cases, depending on whether the infirmity which is aggravated by subsequent industrial injury is traceable to *disease* or a previous injury, that point is not presently before us.

There are limited provisions for apportionment of disability under our Workmen's Compensation Law. Pursuant to G.S. 97-33 disability may be apportioned between injuries connected with military service and those sustained in the course of other employment. The Supreme Court has held the policy evinced by this statute is designed to thwart double recoveries. *Schrum v. Upholstering Co.,* 214 N.C. 353, 355, 199 S.E. 385, 387 (1938). G.S. 97-35 also has limited provision for apportionment. Its application is restricted to successive injuries arising out of the same employment, and certain other cases. Neither of these statutes is applicable to the facts of this case where plaintiff received no compensation for his earlier back injury which arose out of a noncompensable automobile accident separate and apart from any employment.

For the reasons stated, we vacate the 25 February 1975 order of the Industrial Commission and remand the cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judge PARKER concurs.

Judge CLARK dissents.

Judge CLARK dissenting:

I cannot accept this proposition that where an employee suffers a job related injury the employer is liable for all disability, including a prior noncompensable injury outside and having no causal connection with his present employment.

The purpose of the Workmen's Compensation Act is to provide compensation for industrial injuries. It was not intended to provide compensation for injuries sustained outside

of and unrelated to employment. And construing *pari materia* the apportionment provisions in G.S. 97-33 and G.S. 97-35, it is my opinion that they are not, and were not intended to be, in derogation of the common law rules of proximate cause and damages. Nor do the *Mabe* and *Schrum* cases, relied on by plaintiff and cited by the majority, support the proposition.

The majority nonapportionment rule would result in the discharge of handicapped workers and impair the employment opportunities of the handicapped.

I agree with the ruling of the Industrial Commission that plaintiff recover only for the disability incurred by his employment-related injury.