WADE BAILEY, EMPLOYEE-PLAINTIFF v. SMOKY MOUNTAIN ENTERPRISES, INC., EMPLOYER-DEFENDANT AND SHELBY MUTUAL INSURANCE COMPANY, CARRIER-DEFENDANT

No. 8210IC1248

(Filed 15 November 1983)

**Master and Servant §§ 68.4, 72— workers' compensation—award for disability to back—prior award for similar injury—no double recovery**

The Industrial Commission did not permit a double recovery in violation of G.S. 97-33 or G.S. 97-35 in awarding plaintiff compensation for a 20% perma-

Bailey v. Smoky Mountain Enterprises

nent partial disability from ruptured discs in his back after previously compensating plaintiff for a 15% permanent partial disability to his back for a similar injury where the Commission found upon supporting evidence that plaintiff suffered a 20% permanent partial disability to his back as a result of the second injury, that the second injury was not an aggravation of the first but was a separate injury to a different portion of the back, and that plaintiff would have sustained the 20% disability from the second injury even if the earlier disability had not existed.

APPEAL by defendant from the opinion and award of the North Carolina Industrial Commission. Award entered 30 July 1982. Heard in the Court of Appeals 20 October 1983.

Plaintiff, an employee of defendant Smoky Mountain Enterprises, Inc., a manufacturer of Buck Stoves, sustained an injury to his back 15 May 1980 while working for defendant. He underwent a total of three operations to repair ruptured discs. On 26 July 1982, the Full Industrial Commission affirmed the decision of Deputy Commissioner Lisa Shepherd to award plaintiff compensation for a 20% permanent partial disability of the back.

Plaintiff had previously suffered a similar back injury while employed by Smoky Mountain Enterprises in 1979. As a result of that injury he underwent surgery. He was subsequently assigned a permanent partial disability rating of 15% and paid compensation.

Dr. Lary A. Schulhof, a neurological surgeon who treated plaintiff for both injuries, testified at trial. He stated, over defense counsel's objection, that there is an increased likelihood of having a ruptured disc after having previously ruptured a disc at the next level above or below, because an operation on one level reduces the amount of movement available at the next level up and places increased stress on that level. Dr. Schulhof further testified that, even had plaintiff not undergone the first operation, his opinion that plaintiff had a disability rating of 20% would not be changed.

With regard to a letter from Dr. Schulhof to defense counsel dated 16 July 1981 in which Dr. Schulhof wrote, "It would seem that if he (plaintiff) carried a 15% disability previously and now carries a 20% disability rating, due to recent events, then I would perhaps logically arrive at a 5% figure for the difference," Dr. Schulhof testified that he now found it difficult to form an opinion

as to how the disability rating should be assigned. He later testified that a letter written by him to plaintiff's counsel dated 26 May 1981, in which he stated that plaintiff's 20% disability rating would be the same "even considering previous problems" now represented his current opinion.

*Brock, Begley and Drye, by Michael W. Drye, for plaintiff-appellee.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Martha W. Surles, for defendant-appellants.*

ARNOLD, Judge.

Defendants contend that the Full Commission's decision awarding plaintiff compensation for a 20% disability stemming from his second back injury after having previously compensated plaintiff for a 15% rating for a similar injury amounts to a double recovery. It is alleged that the most plaintiff is entitled to is compensation for a 5% permanent partial disability of his back, that figure representing the difference between the initial 15% rating and the subsequent 20% rating.

Defendants first contend that there was insufficient evidence to support the Commission's award of compensation for plaintiff's second injury. When reviewing an appeal from an award of the Full Commission this Court does not retry the facts, but, instead, determines whether there was any competent evidence before the Commission to support its findings of fact. *Inscoe v. DeRose Industries, Inc.,* 292 N.C. 210, 232 S.E. 2d 449 (1977). In fact, the findings of the Commission are conclusive on appeal when supported by competent evidence, even though there may be evidence to support a contrary finding of fact. *Morrison v. Burlington Industries,* 304 N.C. 1, 282 S.E. 2d 458 (1981).

The Commission's findings of fact in the instant case that "[t]he injury plaintiff sustained in May 1980 was not an aggravation of his previous injury, but was a separate injury to a different portion of the back"; that "[a]s a result of the compensable injury sustained in May 1980, plaintiff suffers a 20 percent permanent partial disability to his back"; and that "[p]laintiff would have sustained this same degree of disability from this accident if the earlier disability had not existed" are supported by competent evidence and are, therefore, binding on appeal.

All of the evidence concerning plaintiff's disability comes from the testimony and letters of Dr. Schulhof. Although there does appear to be slight contradictions in the doctor's testimony, that testimony, when taken as a whole, constitutes competent evidence to support the Commission's findings of fact. It is evident from the record that Dr. Schulhof was at first hesitant to assign *any* disability rating, since he felt that decision was "an administrative decision rather than a medical decision." When considered in its entirety, however, his testimony clearly indicates his opinion that plaintiff did suffer two distinct injuries to his back, with the second injury requiring a 20% permanent partial disability rating in and of itself and without regard to the first injury. We find that there was sufficient evidence to support the Commission's findings of fact.

Defendants next contend that the Commission erred in relying in part on G.S. 97-33 in that it does not allow a plaintiff to be compensated for a 20% disability of the back when he has previously been compensated by the same employer for a 15% disability due to a prior injury. We disagree. That statute provides:

> If any employee is an epileptic, or has a permanent disability or has sustained a permanent injury in service in the army or navy of the United States, or in another employment other than that in which he received a subsequent permanent injury by accident . . . he shall be entitled to compensation only for the degree of disability which would have resulted from the later accident if the earlier disability or injury had not existed.

Defendants cite the case of *Schrum v. Catawba Upholstering Co.*, 214 N.C. 353, 199 S.E. 385 (1938), in which the court made the following interpretation of the statute which is now G.S. 97-33:

> An analysis of this Section . . . clearly indicates that it was the intention of the Legislature to provide for the deduction of prior compensable injuries and thus to prevent double compensation. Where there are two compensable permanent injuries, in determining the degree of impairment caused by the second injury, the degree of the injury caused by the first must be deducted from the total injury resulting from

the two accidents to determine the compensable injury caused by the second accident.

214 N.C. at 355, 199 S.E. at 387.

In relying on this language to contend that G.S. 97-33 only entitles plaintiff to some lesser amount of compensation, defendants ignore the Commission's finding that the injury suffered on 15 May 1980 is separate and distinct from the first injury, and, thus, in and of itself a basis for awarding plaintiff compensation for a full 20% disability rating.

Finally, defendants make a similar argument about the Commission's reliance on G.S. 97-35, contending that it, too, prohibits plaintiff from being compensated for a full 20% disability. That statute provides in part:

> If any employee receives a permanent injury as specified in G.S. 97-31 after having sustained another permanent injury in the same employment, he shall be entitled to compensation for both injuries . . . .

Defendants contend that the statute merely provides that an employee who receives two successive injuries in the same employment shall be compensated for both injuries and that it does not entitle an employee to double recovery. Again, we find that the Commission's award to plaintiff does not amount to a double recovery for the reasons stated above.

Affirmed.

Judges HILL and BRASWELL concur.