***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson. The appealing party has shown good grounds to reconsider the evidence; therefore, the Full Commission REVERSES the decision of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Plaintiff's alleged date of injury is March 17, 1999.
2. On that date, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On that date, an employer/employee relationship existed between the parties.
4. National Benefits America, Inc. was the compensation carrier on the risk.
5. Judicial Notice may be taken of all Industrial Commission forms on file.
6. Plaintiff's average weekly wage is to be determined.
7. Stipulated Exhibit 2 consists of copies of Industrial Commission forms and orders.
8. Stipulated Exhibit 3 consists of copies of all medical records in the possession of the parties at the time of the hearing.
9. Stipulated Exhibit 4 is a transcribed recorded statement from the plaintiff.
10. Stipulated Exhibit 5 consists of copies of employment records.
11. Stipulated Exhibit 6 consists of defendants' Answers to Interrogatories.
12. Stipulated Exhibit 7 consists of plaintiff's Answers to Interrogatories.
13. The depositions of Dr. Robert C. Jacobson, Dr. Keith P. Kittelberger, Dr. David A. Konanc, Dr. Carroll Kratzer, Mr. David Wiley, and Dr. Robert John Wilson, III are a part of the evidentiary record in this case.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing in this case, plaintiff was forty-three (43) years old. Plaintiff has a high school diploma, but no other licenses or special skills.
2. Defendant-employer is engaged in the manufacture of heavy metal trailers. In approximately February 1998, plaintiff began work with defendant-employer as a painter earning wages of $9.00 per hour. Plaintiff's hourly wage later increased to $10.00 per hour. Plaintiff regularly worked forty hours per week and received some overtime.
3. Prior to the accident that is the subject of this claim, plaintiff had no significant pre-existing foot conditions. Plaintiff previously suffered from Reflex Sympathetic Dystrophy (RSD) in his right hand in 1991 and 1992. However, this RSD resolved with treatment. No pre-existing conditions prevented plaintiff from earning full wages in his usual employment with defendant-employer prior to March 17, 1999.
4. On or about March 17, 1999, plaintiff was performing his assigned job duties when a large piece of steel angle iron fell on his left foot, crushing it. This incident was reported to Paul Witt, plaintiff's supervisor. Defendant-employer prepared an incident report.
5. Plaintiff received medical care for his injuries at MedFirst Urgent Care and his medical bills were "reimbursed" by the employer. Plaintiff was out of work immediately following this incident for approximately one week. Plaintiff never received a copy of a Form 19, Employer's Report of Injury to Employee, regarding the March 17, 1999 incident.
6. Plaintiff attempted to return to work in a light duty job performing duties that were modified from their normal requirements to specially accommodate plaintiff's injuries resulting from the accident on March 17, 1999; however, he suffered increasing foot and leg pain.
7. Plaintiff continued receiving medical treatment during his attempt to return to work. Among others, plaintiff was treated by Dr. Konanc at Raleigh Neurology who suspected Reflex Sympathetic Dystrophy (RSD), now called Complex Regional Pain Syndrome (CRPS). Dr. Konanc referred plaintiff to Carolina Pain Consultants where a nerve conduction study was performed. At the time of the deputy commissioner hearing of this case, Dr. Robert C. Jacobson at Carolina Pain Consultants was treating plaintiff with multiple medications and a dorsal column stimulator was under consideration. In addition, Dr. Robert Wilson at Triangle Orthopaedics Pain Clinic also examined plaintiff.
7. Plaintiff testified at length concerning his attempts to continue working. For approximately thirteen months, plaintiff worked while still experiencing severe pain at defendant-employer's facility. During a considerable portion of this time, plaintiff was taking narcotic pain medication, including methadone, in order to keep working. Dr. Jacobson had advised plaintiff to find less strenuous work.
8. In approximately March 2000, plaintiff was unable to continue working due to increased pain and because his treating doctors removed him from his job. Both defendant-employer and the insurance carrier were aware that plaintiff ceased working; however, workers' compensation benefits were never paid. Plaintiff's claim for benefits related to injuries received during the March 17, 1999 incident was never formally accepted or denied by the insurance carrier.
9. At the time of the deputy commissioner hearing of this matter, defendants were still paying plaintiff's medical bills; even so, plaintiff had not yet received any temporary total disability benefits. Since March 2000, plaintiff has not worked anywhere. Plaintiff sustained no injury to his leg or foot anywhere other than in his job with defendant-employer.
10. The Full Commission has carefully reviewed and considered the deposition testimony and medical record evidence of all health care providers in this case, including but not limited to that of, Drs. Kittelberger, Konanc, Jacobson, Kratzer, Wilson and Mr. David Wiley, certified professional counselor. Drs. Kittelberger, Konanc, Jacobson, Kratzer, and Wilson all testified that plaintiff's injuries and resulting Complex Regional Pain Syndrome (CRPS) were caused by the injury in his employment on March 17, 1999. Mr. Wiley testified plaintiff's depression and other psychological injuries were associated with plaintiff's injury in his employment and resulting CRPS.
11. Dr. Jacobson is plaintiff's current treating physician. All of the other medical providers deferred to Dr. Jacobson's opinion regarding disability and plaintiff's current condition. Dr. Jacobson testified that plaintiff has reached maximum medical improvement and is totally disabled from earning any wages in competitive employment.
12. Plaintiff currently suffers from chronic and severe pain in his left foot and leg. Activity increases plaintiff's pain. Plaintiff takes a number of prescription medications, including methadone. Plaintiff's medications have severe side effects which impact his ability to maintain regular attendance and production in any competitive employment.
13. Based on a careful review of all evidence of record, the Full Commission finds by the greater weight of the evidence that plaintiff suffered a compensable injury by accident arising out of and in the course of his employment on March 17, 1999 resulting in plaintiff's injuries to his left foot and leg, including his CRPS. Plaintiff's compensable injury and resulting CRPS either caused or substantially aggravated, exacerbated, or accelerated plaintiff's psychological conditions and depression.
14. Plaintiff has met his burden of proving total disability since March 2000. Defendants failed to produce any evidence of suitable employment for plaintiff or a refusal to accept suitable employment offered by defendants. The return to work attempt by plaintiff with defendant-employer does not establish that plaintiff retains wage earning capacity due to the fact that it was not suitable employment and the fact that plaintiff had to quit the job due to pain resulting from his compensable injuries.
15. Medical treatment rendered by all of plaintiff's medical providers, including but not limited to Drs. Kittelberger, Konanc, Jacobson, Kratzer, Wilson and Mr. David Wiley, certified professional counselor, has been reasonable and necessary to either effect a cure, give relief, or lessen the period of plaintiff's disability.
16. Defendants failed to properly investigate plaintiff's claim, denied his claim without reasonable grounds, and continued to deny and defend his claim after the evidence established compensability. Defendants also failed to comply with known statutes and Rules of the Industrial Commission regarding the reporting, payment, and filing of documents related to the acceptance or denial of benefits for injuries occurring to plaintiff in his workplace. Defendants' actions in this case constitute stubborn, unfounded litigiousness.
17. Defendants presented no evidence, considering all of plaintiff's injuries, in combination with his age, education, experience, additional physical and/or mental limitations, vocational interests and aptitudes, that plaintiff is able to obtain and sustain any competitive employment at this time. The Full Commission finds that plaintiff is not able to earn wages in any competitive employment at this time.
18. Plaintiff's average weekly wage of $410.05 per week which yields a compensation rate of $273.38 per week.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In a hearing before the Full Commission, the evidence which tends to support plaintiff's claim should be considered in the light most favorable to him, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. Doggett v. SouthAtlantic Warehouse Co., 212 N.C. 559, 194 S.E. 111 (1937); Hildebrand v.McDowell Furniture Co., 212 N.C. 100, 193 S.E. 294 (1937). The Workers' Compensation Act is required to be construed liberally to effectuate its purpose to provide compensation for injured workers. Its benefits should not be denied by a technical, narrow, or strict construction. Stevensonv. City of Durham, 281 N.C. 300, 188 S.E.2d 281 (1972); Holloman v. Cityof Raleigh, 273 N.C. 240, 159 S.E.2d 864 (1968).
2. Plaintiff suffered a compensable injury by accident arising out of and in the course of his employment on March 17, 1999. N.C.G.S. § 97-2
(2001); Fish v. Steelcase, Inc., 116 N.C. App. 703, 449 S.E.2d 233
(1994). Plaintiff's accident on March 17, 1999 either caused plaintiff's foot, leg, CRPS, and psychological conditions, or the injury and resulting chronic pain substantially aggravated, exacerbated, or accelerated plaintiff's pre-existing, non-disabling CRPS and psychological conditions to produce plaintiff's injury and resulting disability. Mills v. City of New Bern, 122 N.C. App. 283, 468 S.E.2d 587
(1996); Walston v. Burlington Indus., 49 N.C. App. 301, 304,271 S.E.2d 516, 518 (1980); Pruitt v. Knight Publ'g Co., 27 N.C. App. 254,218 S.E.2d 876 (1975).
3. Plaintiff has been unable to earn the same wages in the same or other employment, and had been totally disabled from all employment since March 2000. N.C.G.S. § 97-29 (2001); Russell v. Lowes Prod. Dist.,108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993); see also Saums v.Raleigh Community Hospital, 346 N.C. 760, 487 S.E.2d 746 (1997); Kisiahv. W.R. Kisiah Plumbing, 124 N.C. App. 72, 81, 476 S.E.2d 434, 439
(1996), disc. review denied, 345 N.C. 343, 483 S.E.2d 169 (1997).
4. As a result of plaintiff's compensable injury by accident and resulting disability, he is entitled to receive ongoing total disability compensation in the amount if $273.38 per week beginning on the date of his last employment with defendant-employer in March 2000 and continuing until further order of the Commission.
5. Plaintiff is entitled to all medical treatment reasonably intended to either effect a cure, reduce plaintiff's symptoms, or lessen the period of his disability which is related to his compensable injury by accident, resulting chronic pain, CRPS, and psychological conditions. N.C.G.S. § 97-25.
5. Dr. Jacobson and Carolina Pain Consultants are designated as plaintiff's authorized treating physicians for the direction and management of his medical treatment. N.C.G.S. § 97-25.
6. An attorney's fee in the amount of twenty-five percent (25%) of the entirety of plaintiff's past due and future compensation benefits is reasonable in this claim and is hereby awarded to plaintiff's counsel. N.C.G.S. § 97-90.
7. Defendants unreasonably denied and defended this claim. N.C.G.S. § 97-88.1. Defendants willfully failed to comply with known Rules of the Industrial Commission. N.C.I.C. Rule 104.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission REVERSES the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay to plaintiff ongoing total disability compensation in the amount of $273.38 per week beginning with the date of his last employment in March 2000, and continuing until further order of the Commission. All accrued benefits shall be forwarded directly to plaintiff in one lump sum.
2. Defendant shall provide all reasonable and necessary medical treatment that was or is related to plaintiff's compensable injury by accident for so long as such treatment tends to effect a cure, give relief, or lessen the period of plaintiff's disability.
3. As sanctions for defendants' unreasonable denial and defense of this claim, plaintiff's attorney's fee of twenty-five percent (25%) shall be paid directly by defendants and shall not be deducted from the sums due plaintiff. Accordingly, defendant shall forward directly to plaintiff's counsel as his fee an amount equal to twenty-five percent of the accrued lump sum benefits owing to plaintiff pursuant to this AWARD. Additionally, the defendants shall forward an amount equal to every fourth compensation check directly to plaintiff's counsel.
4. Defendants shall pay the costs due the Commission
This the ___ day of June 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER