The hearing Deputy dismissed plaintiff's claim pursuant to the two (2) year limitation of N.C. Gen. Stat. § 97-47 for reopening a claim for change of condition, based on facts that are not in dispute. Plaintiff first suffered from bilateral carpal tunnel syndrome as a result of her work as a "hand sander" for the defendant in 1991, and was paid for a period of temporary total disability from December 4, 1991 through January 27, 1992, and permanent partial disability (PPD) benefits in respect to a 5% impairment of her left hand, for which she had received release surgery. Plaintiff received her last permanent partial disability payment on April 5, 1992, and a copy of the Form 28B report of compensation paid on August 13, 1992. She returned to work at the same job and wages with the defendant on January 27, 1992. About three months later, plaintiff began having carpal tunnel syndrome symptoms in both wrists. Plaintiff and the defense witnesses testified that she was under the care of a series of physicians during the next 2 1/2 years, and defendants were in contact with at least two of them. Apparently most, but not all (see Tr. pps. 25-26), related her problems to resumption of her employment in the job that was an admitted cause of her prior disability. Plaintiff testified, without contradiction, that she was taken out of work on August 15, 1994 by her treating physician. (Tr. p. 13.) On September 1, 1994, defendants agreed to pay for medical expenses incurred for treatment of this condition up to that date, and denied further responsibility. Some 28 months after her last compensation check following her first period of disability, plaintiff filed a Form 18 dated September 6, 1994 (received at the Commission September 8, 1994) alleging that she "contracted" bilateral carpal tunnel syndrome on October 14, 1991 — the "onset date" referenced on all the forms — but neglected to fill in the date disability began. A Form 33 request for hearing alleging a "date of injury" of October 14, 1991 was filed on January 19, 1995. Defendants filed a Form 33R alleging that plaintiff's claim was barred by N.C. Gen. Stat. § 97-58 or § 97-47, and alternatively, that her disabling condition was not connected to the employment. The pre-trial agreement refers to a "change of condition" claim. It was held that the claim was barred by plaintiff's failure to file her claim for "change of condition" within two years of the last payment of compensation, as provided in N.C. Gen. Stat. § 97-47.
The undisputed facts indicate that plaintiff has a new and separate (or separable) occupational disease claim under the terms of the Workers' Compensation Act. It is not the law that an employee can receive compensation for only one episode of a given occupational disease in the same part of the body, any more than an employer would be excused from paying compensation for a second traumatic injury to the same member.
Plaintiff alleges that the new period of disability resulted from the cumulative trauma disease, carpal tunnel syndrome. An occupational disease claim accrues when the employee loses time from work due to the disease. Booker v. Duke University MedicalCenter, 297 N.C. 458, 483, 256 S.E.2d 189 (1979). "Disablement . . . of an employee resulting from an occupational disease . . . shall be treated as the happening of an injury by accident . . . ." N.C. Gen. Stat. § 97-52. Except in cases of asbestosis and silicosis, "disablement" by occupational disease is given the same definition as "disability" in N.C. Gen. Stat. § 97-2(9), i.e., the "incapacity because of the injury to earn the wages which the employee was receiving at the time of the injury . . . ." N.C. Gen. Stat. § 97-54. Thus, plaintiff's uncontradicted testimony that her physician took her out of work on August 15, 1994 supports a second and new claim for occupational disease with the date of the "accident" being that day. The plaintiff may show an earlier "accident" date if the condition caused her to reduce her work hours, or miss work to attend necessary treatment, before that date, causing a loss of wages. Hilliard v. Apex Cabinet Co., 54 N.C. App. 173,174-175, 282 S.E.2d 828, rev'd. on other grounds, 305 N.C. 593,290 S.E.2d 682 (1982). Consequently, the plaintiff is entitled to a hearing and opportunity to prove her new claim.
As a practical matter, occupational disease sufferers who are in and out of work over a period of time due to cumulative or repetitive traumas are often compensated without a new file being opened for each period of lost wages. Plaintiff's first round of carpal tunnel syndrome may well have made her more susceptible to a second one. But of course, pre-existing weakness does not bar temporary total disability benefits. Anderson v. NorthwesternMotor Co., 233 N.C. 372, 64 S.E.2d 265 (1951); Gray v. CarolinaFreight Carriers, 105 N.C. App. 480, 487, 414 S.E.2d 102 (1992). Section 97-52 not only prevents denial of benefits for work-related disability on technical grounds in circumstances such as these, but has also enabled the diligent employers to prevent occupational disease claims, particularly in repetitive motion employments, by encouraging early reporting of symptoms by employees at risk, and intervening with timely treatment (rendered while the employee is "on the clock"), job rotation, etc.
Medical opinion testimony, and other evidence, will be necessary to determine whether plaintiff's unpaid medical treatment and disability in 1994 arose from some non-work related condition, as defendants suggest, or whether that medical treatment, or part of it, relates solely to the initial period of disability and its cause, or whether plaintiff's work activity since resumption of the hand sander job after January 27, 1992 has caused or precipitated the new period of disability and some or all of the unpaid medical treatment. Defendants may also be entitled to a credit for payments under a voluntary sickness and accident plan.
Since defendants obviously were aware of when plaintiff left work, and that it was due to the condition of her hands (see Tr. pps. 13-15, 32-34, and 36-38), and actually investigated to determine their liability and paid for treatment, they were not prejudiced by references to the October 14, 1991 date in plaintiff's Form 18 and Form 33, and the Pre-trial Agreement. Compensation parties are not bound by formal pleadings. Poythressv. J. P. Stevens, 54 N.C. App. 376, 380, 283 S.E.2d 573(1981);Joyner v. Rocky Mount Mills, 92 N.C. App. 478, 482,374 S.E.2d 610 (1988).
Consequently, IT IS ORDERED that this matter is REMANDED to the Deputy Commissioner to take such additional evidence as necessary to determine plaintiff's claim for compensation.
Costs shall abide the result.
 S/ __________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
JRW:md