MERLIN HAWKINS, Employee, Plaintiff-Appellee v. GENERAL ELECTRIC COMPANY, Employer, ELECTRIC INSURANCE CO., Carrier, Defendants-Appellants

No. COA08-1436

(Filed 18 August 2009)

## 1. Workers' Compensation— medical expenses—asthma—sufficiency of findings of fact

The Industrial Commission erred in a workers' compensation case in its findings of fact about plaintiff employee's asthma condition, and the award requiring defendants to pay medical expenses for plaintiff's asthma is reversed, because the testimony and evidence regarding plaintiff's asthma only established a causal link between plaintiff's employment and his development of asthma, without specifically addressing the possibility of an increased risk to plaintiff.

## 2. Workers' Compensation— occupational disease—contact dermatitis

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff's contact dermatitis was a compensable occupational disease, and the case is remanded to the Industrial Commission for the purpose of entering an order stating the amount to be paid for plaintiff's treatment and any resulting disability because the chemicals that plaintiff was exposed to list the ailment he has now acquired as a possible side-effect of exposure and a doctor testified that plaintiff developed this hypersensitivity as a direct result of his prolonged exposure to the chemicals at the GE facility.

## 3. Workers' Compensation— total disability—continuing disability

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff employee is totally disabled even though defendants contend his condition subsided after he terminated his employment with GE because: (1) plaintiff in the instant case has presented competent evidence of continuing disability; and (2) plaintiff was 63 years old in 2005 when his employment with GE was terminated due to his occupational disease, he lacked a college education and his spelling and mathematical skills were below high school level, his work experience had been exclusively in the aircraft assembly and maintenance

industries, and plaintiff would need significant training to find employment in another industry which was highly problematic given his age.

Appeal by defendants from Opinion and Award filed 15 July 2008 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 20 April 2009.

*Younce & Vtipil, P.A., by Robert C. Younce, Jr., for plaintiff-appellee.*

*Young Moore and Henderson P.A., by Jeffrey T. Linder and Martin R. Jernigan, for defendants-appellants.*

CALABRIA, Judge.

General Electric Company ("GE") and Electric Insurance Co. ("insurer"), the workers' compensation carrier (collectively, "defendants"), appeal from the North Carolina Industrial Commission's ("the Commission") Opinion and Award, which granted Merlin Hawkins ("plaintiff") temporary total disability benefits. We affirm in part and reverse in part.

Plaintiff was hired by the GE Aircraft Engine Manufacturing facility in Durham as an assembly and test technician on 28 September 1998. Plaintiff had previously worked in airline maintenance for the United States Navy and various airlines. When he began his employment with GE, plaintiff did not suffer from any skin or breathing problems.

Beginning in the spring of 2003, plaintiff began to experience skin and breathing problems. Plaintiff sought the advice of various doctors, including several dermatologists. Eventually, Dr. Beth Goldstein ("Dr. Goldstein") of the Central Dermatology Center suspected plaintiff's condition was the result of occupational exposures. On 20 April 2005, Dr. Goldstein removed plaintiff from his workplace and referred him to Dr. Elizabeth Sherertz, ("Dr. Sherertz") a board certified occupational dermatologist with significant experience with contact dermatitis. Dr. Sherertz conducted allergic test patching on plaintiff for some of the compounds that plaintiff may have encountered in his work environment. Based on her observations, Dr. Sherertz concluded that plaintiff had developed a delayed hypersensitivity allergy to chemicals in his workplace. As a result of Dr. Sherertz's recommendations, Dr. Goldstein removed plaintiff from the workplace for a period of three months.

HAWKINS v. GEN. ELEC. CO.

[199 N.C. App. 245 (2009)]

During the three-month leave of absence, plaintiff showed signs of improvement, and Dr. Goldstein permitted him to return to work with restrictions on his exposure to chemicals in July 2005. Once plaintiff returned to work, his symptoms reappeared. On 8 September 2005, plaintiff took the advice of Dr. Goldstein and Dr. Sherertz and ceased working at GE. In the opinion of his doctors, plaintiff was unable to work in any job where he would be exposed to the chemicals that cause his allergic reaction. Within two months of leaving GE, Dr. Goldstein found plaintiff's skin problems to be ninety-eight percent improved.

Plaintiff filed a request for hearing on 8 May 2006, alleging that he suffered from the compensable occupational diseases of allergic contact dermatitis and occupational asthma due to his exposure to chemicals while working at GE. On 4 October 2007, an Opinion and Award was filed, which concluded that the plaintiff developed compensable occupational diseases due to his employment with GE. This decision was appealed to the Full Industrial Commission, which affirmed the Opinion and Award with modifications on 15 July 2008. Defendants appeal.

Our review of an Industrial Commission decision is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). "The findings of the Commission are conclusive on appeal when such competent evidence exists, even if there is plenary evidence for contrary findings." *Hardin v. Motor Panels, Inc.*, 136 N.C. App. 351, 353, 524 S.E.2d 368, 371 (2000) (internal citation omitted). "The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Barbour v. Regis Corp.*, 167 N.C. App. 449, 454-55, 606 S.E.2d 119, 124 (2004). The Commission's conclusions of law are reviewable *de novo*. *Deseth v. LensCrafters, Inc.*, 160 N.C. App. 180, 184, 585 S.E.2d 264, 267 (2003) (citation omitted).

A claim for an occupational disease not otherwise recognized in N.C. Gen. Stat. § 97-53 of our workers' compensation statutes may be established under the provision of § 97-53(13). *See James v. Perdue Farms, Inc.*, 160 N.C. App. 560, 561-62, 586 S.E.2d 557, 559 (2003). A plaintiff bears the burden of proof in showing he meets the require-

ments of the statute. *Id.* Our Supreme Court has held, in *Rutledge v. Tultex Corp.*, that:

> For a disease to be occupational under G.S. 97-53(13) it must be (1) characteristic of persons engaged in the particular trade or occupation in which the claimant is engaged; (2) not an ordinary disease of life to which the public generally is equally exposed with those engaged in that particular trade or occupation; and (3) there must be "a causal connection between the disease and the [claimant's] employment."

308 N.C. 85, 93, 301 S.E.2d 359, 364 (1983) (internal citations omitted). The Court further explained that in order to satisfy the first and second elements, it is not necessary that the disease originate exclusively from or be unique to the particular trade or occupation in question. *Id.* The statute does not exclude all ordinary diseases of life from coverage. *Id.* Only such ordinary diseases of life to which the general public is exposed equally with workers in the particular trade or occupation are excluded. *Id.* Thus, the first two elements are satisfied if the employment exposed the worker to a greater risk of contracting the disease than the public generally. *Id.* "The greater risk in such cases provides the nexus between the disease and the employment which makes them an appropriate subject for workmen's compensation." *Id.* at 93-94, 301 S.E.2d at 365 (quoting *Booker v. Duke Med. Ctr.*, 297 N.C. 458, 475, 256 S.E.2d 189, 200 (1979)).

I. Plaintiff's Asthma

**[1]** Defendants first argue that there is no competent evidence to support the Commission's findings of fact in regards to the plaintiff's asthma condition. According to defendants, without these findings, the remaining evidence is insufficient to support the Commission's conclusions of law that employment with GE placed the employee at a greater risk than the general public of contracting asthma and that the employee's work with GE was a significant factor in causing his asthma. We do not agree there is no competent evidence to support the Commission's finding of fact that plaintiff's asthma condition was caused by his employment, but we do agree that there is no competent evidence that plaintiff was placed at a greater risk of contracting asthma than the general public.

Defendants assert the following findings of fact concerning the plaintiff's asthma are not supported by competent evidence:

45. Based on the greater weight of the evidence, the Full Commission finds that plaintiff's work for defendant-employer placed him at greater risk than the general public of contracting systemic allergic contact dermatitis and asthma.

46. The Full Commission further finds that plaintiff's work for defendant-employer was a significant factor in causing his systemic allergic contact dermatitis and asthma.

"[W]here the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980). Moreover, "[w]here a layman can . . . do no more than indulge in mere speculation (as to the cause of a physical condition), there is no proper foundation for a finding by the trier without expert medical testimony." *Gillikin v. Burbage*, 263 N.C. 317, 325, 139 S.E.2d 753, 760 (1965) (internal citation and quotations omitted). Thus, "findings regarding the nature of a disease—its characteristics, symptoms, and manifestations—must ordinarily be based upon expert medical testimony." *Norris v. Drexel Heritage Furnishings, Inc.*, 139 N.C. App. 620, 623, 534 S.E.2d 259, 262 (2000).

Finding of fact forty-six is clearly supported by competent evidence. The evidence indicates that Dr. Peter Bressler, an allergist at the University of North Carolina, diagnosed the employee with "probable occupational asthma." Additionally, Dr. Dennis Darcey, an occupational medicine specialist at Duke University, diagnosed a "possible occupational contact/allergic dermatitis with occupational allergic/irritant asthma component." Finally, according to the testimony of Dr. Sherertz, it was "likely" that there was a connection between plaintiff's asthma and his dermatitis. Based upon our standard of review, there is no error in this finding of the Commission.

However, finding of fact forty-five, that the plaintiff was at a greater risk than the general public of contracting asthma, is not supported by any competent evidence in the record and therefore cannot stand. None of the doctors testified that in their individual medical opinions plaintiff was at an increased risk of contracting asthma because of his employment with GE, as required by *Rutledge*, 308 N.C. 85, 301 S.E.2d 359 (1983). The testimony and evidence regarding asthma only establishes a causal link between the plaintiff's employment and the development of asthma, without specifically addressing

the possibility of an increased risk to the plaintiff. Without this evidence, plaintiff has failed to carry his burden that he suffers from the compensable occupational disease of asthma. Because finding of fact forty-five is unsupported by any competent evidence, the Commission's conclusion of law that plaintiff was at a greater risk than the general public of contracting asthma fails. Further, because defendants are obligated to pay only for treatments "required to effect a cure or give relief" for conditions related to a compensable injury, the Commission's conclusion of law that plaintiff is entitled to medical expenses for plaintiff's asthma also fails. N.C. Gen. Stat. § 97-2(19) (2007). The award requiring defendants to pay medical expenses for plaintiff's asthma is reversed.

## II. Plaintiff's Contact Dermatitis

[2] Defendants next argue that plaintiff's contact dermatitis is the result of personal sensitivities that are not compensable under the Workers' Compensation Act. While we agree that personal sensitivities are not compensable under our Workers' Compensation Act, we do not agree that such rule has application in this case. *Hayes v. Tractor Supply Co.*, 170 N.C. App. 405, 408, 612 S.E.2d 399, 402 (2005).

Defendants have conceded that plaintiff's contact dermatitis is unquestionably a result of his employment with GE. However, defendants contend that plaintiff's contact dermatitis resulted entirely from his personal sensitivities, and, as a matter of law, plaintiff was not placed at an increased risk of contracting this disease when compared to the general public. We disagree.

The cases cited by the defendants to support their proposition are distinguishable from the instant case. In both *Hayes v. Tractor Supply Co.*, 170 N.C. App. 405, 612 S.E.2d 399 (2005), and *Nix v. Collins & Aikman Co.*, 151 N.C. App. 438, 566 S.E.2d 176 (2002), the plaintiffs were denied benefits because there was evidence that the plaintiffs suffered from a pre-existing condition that was aggravated by their employment. In the instant case, there is no evidence that the plaintiff presented any symptoms consistent with his contact dermatitis condition until he worked at GE for several years.

In *Sebastian v. Mona Watkins Hair Styling*, the plaintiff developed a skin condition due to her sensitivities to chemicals used at her employer's hair salon after working for a few years. 40 N.C. App. 30, 251 S.E.2d 872, *disc. review denied*, 297 N.C. 301, 254 S.E.2d 921

(1979). Within one month of plaintiff's termination of employment, this condition cleared up and she suffered no continuing disability. *Id.* at 33, 251 S.E.2d at 874. The plaintiff was awarded medical expenses and temporary total disability benefits for the period during which she suffered the skin condition. *Id.* at 31, 251 S.E.2d at 874. Contrary to defendants' assertions, the plaintiff in *Sebastian* was not denied workers' compensation benefits due to her "personal sensitivities." *Id.* at 33, 251 S.E.2d at 875.

The plaintiff in the instant case shares many similarities with the compensated plaintiff in *Sebastian*, 40 N.C. App. 30, 251 S.E.2d 872 (1979). After years of working for GE, plaintiff developed an allergic contact dermatitis that made it impossible for him to return to work. The condition subsided on both occasions that plaintiff spent significant time away from GE. It is undisputed that plaintiff can no longer work at GE because there are no jobs available that could guarantee he would not have exposure to the chemicals at issue.

While no other employee has reported a similar issue in the fifteen years the plant has operated, the chemicals that plaintiff was exposed to list the ailment he has now acquired as a possible side-effect of exposure. Dr. Sherertz testified that plaintiff developed this hypersensitivity as a direct result of his prolonged exposure to the chemicals at the GE facility, and the Commission decided to give weight to her testimony. The evidence, including the expert medical testimony, was sufficient for the Commission to conclude that plaintiff's contact dermatitis was a compensable occupational disease and we find no error in this conclusion.

III. Plaintiff's Total Disability

[3] Defendants next argue that plaintiff is not totally disabled because his condition subsided after he terminated his employment with GE. We disagree.

Under the Workers' Compensation Act, "[a]n employee injured in the course of his employment is disabled . . . if the injury results in an 'incapacity . . . to earn the wages which the employee was receiving at the time of the injury in the same or any other employment.' " *Russell v. Lowe's Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (second alteration in original) (quoting N.C. Gen. Stat. § 97-2(9)(1991)). Therefore, "disability" as defined in the Workers' Compensation Act is the impairment of the injured employee's earning capacity and not physical disablement. *Peoples v.*

*Cone Mills Corp.*, 316 N.C. 426, 434-35, 342 S.E.2d 798, 804 (1986) (quoting *Ashley v. Rent-A-Car Co.*, 271 N.C. 76, 84, 155 S.E.2d 755, 761 (1967)). It is the burden of the employee to make this showing. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982).

> The employee may meet this burden in one of four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457 (internal citations omitted).

Defendants' contention relies heavily on *Sebastian*, 40 N.C. App. 30, 251 S.E.2d 872 (1979), which was decided many years prior to *Russell*. In *Sebastian*, the Court upheld the Commission's determination that additional benefit payments were unnecessary after the employee's skin condition cleared, since there was no evidence of a continuing disability. *Sebastian*, 40 N.C. App. at 33, 251 S.E.2d at 875. This case is distinguishable. The plaintiff in the instant case has presented competent evidence of continuing disability under the last three prongs of *Russell*.

Plaintiff was 63 years old in 2005 when his employment with GE was terminated due to his occupational disease. The evidence showed that he lacks a college education and that his spelling and mathematical skills were below high school level. His work experience has been exclusively in the aircraft assembly and maintenance industries. Plaintiff would need significant training to find employment in another industry, which is highly problematic given his age. Given these facts, it was not error for the Commission to determine that the plaintiff is disabled pursuant to N.C. Gen. Stat. § 97-29 for as long as his occupational disease exists.

The award is affirmed with the exception of the portion of the award ordering payment for plaintiff's asthma treatment, which is

reversed. We remand to the Industrial Commission for the purpose of entering an order stating the amount to be paid for plaintiff's contact dermatitis treatment and any resulting disability.

Affirmed in part, reversed in part, and remanded.

Chief Judge MARTIN and Judge STEELMAN concur.